WILLIAM J. HOLLOWAY vs. JESSE R. ELLIS.

Where a bill is filed to enforce the vendor's lien against land for the unpaid purchase-money, and a party insists that he is an innocent purchaser without notice of the lien; this court has *held*, that the doctrine, as to creditors, is intended to be confined to such persons as claim under a deed of trust or mortgage. Such conveyances are a lien and something more, for they con-stitute a transfer of the property itself. *Dunlap* v. *Burnett,* 5 S. & M. 710, cited and confirmed.

Such conveyances are a special assignment, and their effect differs from a general lien; are such as that created by a judgment or general assignment by operation of law. They are *held,* as subject to all equities which exist at the time, in favor of third persons. A court of equity will limit such liens to the actual interest of the judgment debtors; and there is nothing to take this case out of the operation of the rule.

ON appeal from the northern district chancery court at Car-rollton; Hon. Henry Dickinson, vice-chancellor.

This was a bill filed in the district chancery court at Carroll-ton by Ellis, to subject the land in the bill mentioned to the payment of the balance of the purchase-money thereof. Ellis sold the land to Cook on the 28th day of February, 1838, for the sum of $800, and entered into an article of agreement with

Cook, obligating himself to make Cook a title to the land by the 1st day of April next thereafter. Ellis had bought the land of defendant Sargeant, who had not, at the time of the purchase by Cook, made a deed to Ellis; and by request of Cook, the deed was made direct from Sargeant to him. Holloway bought the land at sheriff's sale, as the property of Cook, subsequent to the execution of the deed by Sargeant to Cook. In his answer he denies that he knew any thing of Ellis's claim for the purchase-money, and insists that he is an innocent purchaser, without notice of any lien upon the land. The bill was taken for confessed as to Cook and Sargeant.

Sargeant, a witness of Ellis, states that he conveyed the land to Cook by his request, and at the instance of Ellis, having before sold it to the latter. Reedy, the deputy sheriff who sold the land when it was bought by Holloway, states that it is his impression and belief, that the bidders were notified that the land was incumbered. Rowe and others, on behalf of Holloway, state that they were present at the sale, and heard no such notice.

A decree was made in favor of complainant for the balance of the purchase-money, and in default of its being paid within — days, the land was ordered to be sold to pay the same, from which decree Holloway appealed.

*Wm. H. Brown*, for appellant.

*Dyer* and *Bolling*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The complainant sold to Robert Cook a certain tract of land in Holmes county, the title to which was at the time in one Sargeant, who, at the instance of complainant, conveyed the land to Cook.

After this conveyance, an execution against Cook was levied on the land by the sheriff of Holmes county, who sold the same at public sale to Holloway.

The bill was filed to enforce the vendor's lien against the land for the unpaid purchase-money. Holloway insists that he

is an innocent purchaser without notice. Will this defence avail him in the present action? The principle appears to have been settled by this court in .the case of *Dunlap* v. *Burnett et al.*, 5 S. & M. 710. The court in that case said: " This doctrine as to creditors is intended to be confined to such as claim under a deed of trust or mortgage. Such conveyances are a lien, and something more; they constitute a transfer of the property itself. They form a special assignment, and their effect differs from a general lien, such as that created by a judgment or general assignment by operation of law. These are regarded as subject to all equities which exist at the time in favor of third persons, and a court of equity will limit such lien to the actual interest of the judgment debtor.

There is nothing in the case now before us to take it out of the operation of this' rule, and the decree must, therefore, be affirmed.