DAN R. RUSSELL and WIFE v. J. M. WATT, Admr., et al.

1. REAL ESTATE: GRANTOR AND VENDOR.—A grantor is one who gives, bestows, or concedes a thing, and in legal parlance is understood to be the party who makes and executes a deed or conveyance. A vendor is a seller; a person who disposes of a thing for money.

2. VENDOR'S LIEN : MAY BE ENFORCED IN FAVOR OF A VENDOR WHO IS NOT THE GRANTOR OF THE LAND.—The vendor's lien will be enforced in favor of a vendor who is not the grantor of the land, and where the conveyance of the land is executed by a third person to the vendee.

3. SAME : SAME : CASE IN JUDGMENT.—B. made a parol gift of certain lands to his daughter, Mrs. R. She sold the lands to M., taking his notes for the purchase-money, and B. made to M. a conveyance. The purchase-money not having been paid in full, Mrs. R. filed her bill to enforce the vendor's lien. Held, That though Mrs. R. was not the grantor of the lands, that she was the vendor, and that she had a lien for the unpaid purchase-money.

4. ESTOPPEL BY DEED : PAROL GIFT OF LANDS.—Where a father gives land to his daughter, who subsequently sells the same, and the father executes a conveyance to the purchaser, the purchaser cannot set up as a defence to an action brought to recover the purchase-money, that the gift to the daughter was void because not in writing. The father, and those claiming under him, are estopped by his deed from setting up title adverse to that conveyed.

ERROR to the Chancery Court of Carroll county. Hon. Wm. Cothran, chancellor.

*James Somerville* for plaintiffs in error.

The error complained of in this case is, that the chancellor sustained the demurrer of the defendants, and dismissed the bill filed by the plaintiffs in error.

The material facts, as alleged in the bill, are : That in the year 1848, Wm. Booth made a gift of the land described to his daughter, Mrs. M. E. Russell, as a marriage portion, and placed her in possession of the same.

That complainants made valuable and permanent improve-

ments thereon, and continued in possession until the sale to Jack Moore, which occurred in the year 1860. That complainants then contracted with Moore for the sale of the land and improvements, and contracted to procure a deed from Booth, conveying the legal title to Moore. That Moore went into possession under a deed from Booth and the sale by complainants, in 1860, and continued· to hold the same until he sold to G. W. Vasser, one of the defendants.

The theory of the complainants is, that at the date of the sale to Moore, Mrs. Russell was the owner of the equitable estate, and that Booth held the legal title for her use. Whether this be technically true or false, the transfer of the improvements made by complainants, the delivery of the actual use and possession of the lands, and the agreement to procure a deed to be executed by Booth, formed a valid and good consideration to uphold the contract of sale made. by the complainants to Moore.

If Mrs. R. had an equitable interest in the lands, it cannot be questioned that she had a lien for the unpaid purchase-money, which will be enforced in equity as if she were the vendor of the legal title. A lien upon land for purchase-money does not depend upon whether the proprietorship is evidenced by legal or equitable title; it results from the right the vendor has to make the land answerable for the price for which it was sold. *Stewart* v. *Hutton*, 3 J. J. M. 18; *Ligou* v. *Alexander*, 7 J. J. M. 289.

It is insisted by counsel for defendants, that the gift from Booth to Mrs. R., being in parol, is absolutely void, and that she possessed no estate or interest which could constitute a consideration to support the sale to Moore.

This position is untenable both on principle and precedent. The gift is supported by a good and meritorious consideration, arising out of the relation of parent and child. Whether the gift could be enforced against the donor is one question; whether it will be good in a court of equity and recognized for any purpose, is another and different question.

That it is not *void*, the authorities are abundant. In the case

of *Park's Heirs* v. *White's Admrs.*, 4 Dana, 557, Judge Marshall says :—" A parol gift of land, though not enforcible by law, is not illegal or void. The donor is, in good conscience, under the same duty of respecting it, and perfecting it, if necessary, as if it were in writing."

In one case in Kentucky, a verbal donation of lands, in consideration of natural affection, was enforced against the donor. *Leforee* v. *Robinson*, Littell's Select Cases, page 22.

In a modern Pennsylvania case, *Poorman* v. *Kilgore*, 26 Penn. R., it is held, that in parol sales of land, " evidence of a verbal contract will be rejected unless, being taken altogether, it makes out a case to stand as an exception to the statute " (of Frauds). And in the same case, the court says :—" As between such persons " (donor and donee) " the evidence of a gift must be direct, positive, express, and unambiguous, and its terms clearly defined ; " all going to show that a verbal gift from parent to child of realty, if clearly proven, is valid, and will be recognized by a court of equity.

It would seem that it does not lie in the mouths of Moore's heirs to dispute the validity of the gift made by Booth, on meritorious consideration, to his daughter. Booth has not objected to it, but has ratified it. Booth's creditors (if he have any) have not assailed it. The heirs of Moore could not have been placed in a better position if the vendors had been vested with the legal title on the day of sale.

The complainants have fully complied with their contract, and only ask that Moore's representatives comply with his contract.

Vasser, the other defendant, is indifferent to the result, as he purchased with full notice that a portion of the purchase-money was due by Moore, and retains more than sufficient to cover the sum due to complainants.

2. It is objected that complainants are not *vendors*, and therefore have no lien. The vendor is the seller ; the person who disposes of the thing which is the subject of sale for money. In the case at bar the contract of bargain and sale was made with the complainants, the parties enjoying the use

and possession of the land; they undertaking to deliver the possession of the land; they undertaking to deliver the possession to, and, also, to procure the legal title to be conveyed. Booth was the mere grantor, and not the vendor. The consideration moved from the complainants to Moore. Booth was the mere vehicle for uniting the legal and equitable interests.

3.. The objections urged to this bill do not assail the equity of the complainants.

Moore owes the balance of the purchase-money for the lots; Vasser owes Moore's estate a balance on the purchase-money for the same lots. "Nobody is hurt" if Vasser shall pay the money to whom it is due, viz., the complainants in this bill.

*J. Z. George* for defendants in error.

The case is this: Some years ago Mr. Booth made a parol gift of certain lands to his daughter, Mrs. Russell, who went into possession. In 1860, Russell and wife sold the lands to Moore, and Booth made a deed to Moore, who afterward sold to Vasser.

The attempt now is on the part of Mrs. Russell to subject the land to the payment of a balance due on the purchase-money by Moore.

It is insisted that she cannot do this:

1. Because the vendor's lien is an equity which arises alone between the vendor and vendee, and can subsist alone between them. *Skaggs* v. *Nelson*, 25 Miss. 88; *Beaman* v. *Bush*, 9 S. & M. 238; *Box* v. *Stamford*, 13 S. & M. 93.

2. In this case Booth is the vendor, and the lien could only arise or subsist in his favor.

For though Mrs. R. may have made the trade with Moore, yet she can in no sense be considered as the vendor. She had no equitable or legal title to the premises, and did not pretend to sell any title of her own. She proposed to sell, and only sold, Booth's property.

Two statutes in force in this State when this parol gift was made, show that it was utterly void, and that the title and

ownership remained in Booth. One says " that all agreements for the sale of land or for a lease thereof for a longer period than one year shall be in writing." Hutch. Code, 637. The other declares that " no estate of inheritance or freehold, or for a term of more than one year in lands or tenements, shall be conveyed from one to another unless the conveyance be declared in writing, sealed and delivered. Hutch. Code, 605.

This court makes no exception to the statute, but uniformly holds that the agreement to sell or give lands is void, unless reduced to writing. Beaman v. Buck, 98 S. & M. 207; Box v. Stamford, 13 M. 93, and numerous others.

Beaman v. Buck was very much like the present, and is strictly analogous to it.

There Buck became the purchaser, at sheriff's sale, of the land of Beaman, and agreed that Beaman might sell it and only pay him $375. Beaman did sell to Dent for $650 and paid Buck $300, due to Beaman. Dent afterward failed to comply with his contract, and Beaman filed his bill to get the land on paying the remaining $75, or to get the $300 back which Dent had paid. Relief was refused on both grounds, because the contract was void. Beaman was not regarded as a vendor, and hence could not recover back the $300 which Dent had paid Buck. If he had been the vendor he would have been entitled to this money.

But such an agreement being utterly void, conveys no interest whatever. The land still belonged to Booth, and was subject to his debts. He was liable to taxes for it, and was entitled to sit on the jury by virtue of his freehold interest in it. Mrs. R. was his mere tenant at will, and could only legally dispose of it by his permission.

In such a case she was not the vendor. That relation could only legally exist where there was a writing between the parties.

3. But Mrs. R. gave no writing to Moore, and the relation of vendor and vendee could not exist between Moore and her, for, as before stated, that relation could not exist except it be created by writing.

Suppose Moore denies that he bought from Mrs. R., and

shows his deed from Booth, and asserts that he bought from Booth, how could this answer be controverted except by a violation of statute? This suit is brought to enforce a right which cannot exist by virtue of there being a legal and valid sale of land made by Mrs. R. to Moore. The sale as between them was not in writing. The sale is denied by Moore, who alleges he purchased from Booth. How can the suit be maintained except by showing by parol that such a sale was made, and that Mrs. R., and not Booth, was the vendor? To state the question is to answer it.

This point must be carefully distinguished from the point relied on, that Mrs. R. had no title from Booth, and hence could not sell to Moore. That position is believed to be good as illustrating and sustaining the point now under consideration, that Mrs. R. is not in fact the vendor of Moore. For it is admitted that if Mrs. R. claimed only under a parol gift of her father, and had directly made a valid sale by deed or other writing to Moore, who then became her vendor, that the lien might probably be enforced; for in that case the relation of vendor and vendee would exist between them. But the bill shows that no writing passed between Moore and Mrs. R. ; that so far as they were concerned, the sale was a nullity, if nothing more had been done. Booth makes a deed to Moore, and Moore accepts the deed from Booth, and that makes them the contracting parties, vendor and vendee. Booth was either the vendor of Moore or he was not. To say he was not, is to say that the grantor in a deed of bargain and sale is not the seller. If Booth was not the vendor, then who was? If it be alleged it was Mrs. R., then we say that we never bought from her, and ask for the proof. This can only be proved by parol testimony, showing a sale of the lands by Mrs. R. to Moore, which is expressly against the statute.

Booth being then the vendor, the lien vested in his favor, and can only be enforced by him. His permission that Mrs. R. shall receive the proceeds, is a mere assignment to her of the purchase-money, and in such a case the lien is lost. This is well settled.

That the promise was made to Mrs. R. by Moore in the first

instance makes no difference. See *Skaggs* v. *Nelson,* 28 Miss. 88, which is decisive of the case in all its features.

JEFFORDS, J., delivered the opinion of the court.

The bill in this case alleges: That in the year 1860, Mary E. Russell was the owner in her separate right, and held as her separate property, under the laws of this State, certain real estate, with the buildings thereon, lying in the county of Carroll; that the said lands were given to her by William Booth, her father, as a marriage portion ; that said Booth neglected to execute a deed for said lands to his daughter, Mrs. Russell, and never made any written conveyance of the legal title, or any written memorandum of said gift, until called on by Russell and wife to make a deed to one Jack Moore, in the year 1860 ; that she was placed in possession in the year 1848, and after erecting all of the improvements which were upon the place, continued to occupy the same as a residence until the sale to Moore; that on the 14th day of January, 1860, Russell and wife sold to said Moore, and procured the said Booth to make a deed for the said lands directly to Moore ; that the price agreed to be paid by Moore was $2250 or $2500, but which of said sums not precisely remembered ; that Moore has never had his deed recorded; that all of the purchase-money, except $675, has been paid by Moore, which amount, with interest from the date of sale, remains due and unpaid ; that on the —— day of ——, 1860, Moore sold said lands to one George Vasser, and attempted to convey title to Vasser, but conveyed a wholly different and distinct tract of land; that Vasser well knew at the time of his purchase from Moore that the purchase-money due from Moore to Russell and wife had not been paid in full, and that a certain balance remained unpaid ; that repeated attempts were made to secure the payment of the said balance due by Moore from the purchase-money due by Vasser about the time of his purchase, with the concurrence of Vasser, which attempts were frustrated by circumstances over which Vasser had no control ; that there is a much larger amount due from Vasser to Moore's estate than is due to Russell and wife.

Dan R. Russell et ux. *v.* J. M. Watt, Admr., et al.

The bill concludes with a prayer asking for the enforcement of a vendor's lien for the amount of the purchase-money still due.

The defendants demurred to the bill for the following causes:

1. That from the bill it appears that William Booth was the grantor in the deed to Jack Moore, and that no lien arises from said deed in favor of the complainants.

2. That if it be true, as alleged in said bill, that the said land belonged in law or equity to the said Mary E. Russell, then the sale was void for want of a conveyance by her to said Moore, according to law.

3. The bill is uncertain and ambiguous as to stating who was the owner.

Upon the hearing, the Chancery Court sustained the demurrer, and pronounced its decree accordingly.

The demurrer necessarily admits as absolutely true all of the material allegations of the bill. It is assumed in the argument, as well as by the demurrer, that the terms *grantor* and *vendor* are precisely synonymous. Is this so? A *grantor* is one who gives, bestows, or concedes a thing, and in legal parlance is understood to be the party who makes and executes a deed or conveyance.

A *vendor* is a seller; a person who disposes of a thing for money.

Who was the seller? who disposed of the thing? who actually delivered possession of the thing sold, and received that portion of the consideration-money which was paid at the time of sale? Most certainly it was not Booth, the *grantor;* but Russell and wife, the *vendors.* Booth was nominally grantor, it is true, but without an interest. He was in no proper sense, however, a vendor.

He was the mere contrivance or instrument made use of for the purpose of transferring what belonged to, and had been *sold* and *disposed* of by another party.

The court has in effect decided this very point in the case of *Holloway* v. *Ellis*, 25 Miss. 103. In that case the court enforced a vendor's lien in favor of Ellis, who purchased of Sargent, without taking a deed. Ellis afterward sold to Cook, agreeing

39

to make or procure a title by a specified time. Sargent, at the request of both parties, conveyed to Cook directly.

Here the legal title never was in Ellis, but he was a *seller*— a *vendor*—without being a *grantor*, and his lien as such was recognized and established. Not only is this the rule in Mississippi, but it is remarkably well defined in other States. *Stewart* v. *Hutton*, 3 J. J. Marshall, 178; *Ligon* v. *Alexander*, 7 id. 289.

It is urged by the demurrer, also, that even admitting Mrs. Russell was the holder of the legal or equitable title, the sale was void for want of a conveyance according to law. This position is wholly untenable both in law and fact, for the contract was not absolutely void, but only voidable. As to the question of fact, it is alleged in the bill, and by the rules of law admitted by the demurrer, that a written conveyance was made and fully executed according to law, by the delivery of the deed to Moore, which he accepted. He is precluded from going behind it, nor can any person claiming under him inquire whether the original parol gift from Booth to Mrs. Russell could or would have been enforced as against the donor, had he refused performance. Nor is it necessary for this court to determine whether Mrs. Russell, by upwards of ten years adverse possession under the statute of 1844, had acquired the legal title to said lands.

It is immaterial, so far as the present controversy and parties are concerned, whether her title was a legal or an equitable one, as this was a question exclusively between the father and daughter, which was not made at a time when it could have been urged, and now that the gift from Booth has been carried out and perfected in good faith, and the contract from Russell and wife to Moore has been completely executed, it is impossible to raise the question—it would be useless folly to discuss it.

It seems to us that no case ever appealed more directly and strongly to the conscience of a chancellor. The money is admitted to be due from Moore to Russell and wife, and from Vasser to Moore, who admits that he had notice, and is still in the possession and enjoyment of the lands sold. No person can be injured by establishing the vendor's lien in this case, in even the slightest possible degree.

The decree of the court is reversed, the demurrer overruled, and the cause remanded to the court below for further proceedings in accordance with the principles of this decision, with leave to defendants to answer within sixty days.