TABB v. PEOPLE's BANK & TRUST Co. et al.

(Division B. March 23, 1931.)

[133 So. 137. No. 29292.]

Thos. L. Haman, of Houston, for appellant.

J. M. & F. G. Thomas, of Tupelo, and **Flowers, Brown & Hester,** of Jackson, for appellees.

Argued by Thos. L. Haman, for appellant, and by J. M. Thomas, for appellees.

Ethridge, P. J., delivered the opinion of the court.

The appellant, Tabb, was plaintiff in the court below and filed a suit, in the circuit court to recover from the defendants, People's Bank & Trust Company, Holman Lumber Company, and the Nettleton Lumber Company, the sum of one thousand seven hundred fourteen dollars and thirty-one cents, alleged to be due the plaintiff on sale made to the Holman Lumber Company of certain

lumber, a detailed statement of account was attached to the declaration. The recovery as against the Nettleton Lumber Company and the People's Bank & Trust Company is based upon the theory that a contract between the Nettleton Lumber Company and the Holman Lumber Company constitutes a mutual arrangement and agreement whereby the sale to the Holman Lumber Company was a sale to and for the benefit of all the defendants acting in a joint enterprise.

The contract referred to provides, in substance, that the Holman Lumber Company, owned solely by S. H. Holman of Houlka, Mississippi, is engaged in operating a concentration yard and planing mill at Houlka, Mississippi, and that it is also engaged in the business of buying and selling lumber and assembling same for shipment. It was provided that the Holman Lumber Company should assemble and stack lumber for drying and planing in suitable grades and lengths to conform to classification of a named lumber association, and that the Nettleton Lumber Company would become the exclusive agency for the sale of such lumber so assembled, and that it would furnish financial aid to the Holman Lumber Company by a method set out in the contract, which was, in effect, that the Holman Lumber Company would execute a deed of trust upon lumber upon its yards at Houlka, Mississippi, and future acquired lumber at said place during a period of twelve months, under the provisions of chapter 243 of the Laws of 1920, and that the Nettleton Lumber Company would indorse the notes secured by the deed of trust, the notes and deed of trust to be made payable to the People's Bank & Trust Company, or such other bank or person as should be designated by the Nettleton Lumber Company, and the deed of trust should also provide for the security of debts due the Nettleton Lumber Company by the Holman Lumber Company. The contract provided that the Nettleton Lumber Company would account for the sales of lum-

ber to the Holman Lumber Company at the net price received by the Nettleton Lumber Company for the lumber, less one dollar and twenty-five cents per thousand feet, which was to be for the services of the Nettleton Lumber Company in making the sales, taking orders, and assisting in the financing of the business, as above stated. The amount to be furnished in financial assistance at any one time was not to exceed sixteen thousand dollars. It was further provided in the contract that, if at any time the Holman Lumber Company found a better plan for its advantage in selling its lumber, it should first fill all orders on hand given by the Nettleton Lumber Company under the contract. It was further provided that the Holman Lumber Company was to stack the lumber at its own expense, and to insure it at its expense, with loss payable clause to the holder of the indebtedness for advances above referred to. It was further provided that the Nettleton Lumber Company would furnish the Holman Lumber Company with sufficient orders to move the lumber covered by the contract as it became shipping dry, and, in the absence of such orders, the lumber would be sold in transit in accordance with the custom of the trade; that agreements may be reached between parties thereto as to whatever stock may be or shall be put in transit. It was further provided that the contract should remain in force as long as there is indebtedness outstanding for advances made under the provision of the contract, provided that either party may cancel the contract at any time; such cancellation to take effect only upon ten days' written notice to the other party to that effect, and in the event such notice of cancellation should be given it will in no wise relieve the Holman Lumber Company from the performance of all obligations incurred under the contract prior to the date of such notice, and the filling of orders given by the Nettleton Lumber Company. It was also pro-

vided in the contract that no advances would be made or requested on notes executed by the Holman Lumber Company on lumber against which there remains any encumbrance or lien.

On the same day of the execution of this contract a deed of trust was given upon the lumber then upon the lumber yard of the Holman Lumber Company, together with all lumbers to be acquired at that point, describing the location of the plant of the Holman Lumber Company, during the period of twelve months, which deed of trust was duly placed of record and money was advanced under the said deed of trust to Holman for the operation of his business. Thereafter the Holman Lumber Company purchased lumber from the plaintiff and others, placing it with the stock upon the yard and mingling it with all other lumber therein, some payments being made to Holman for the lumber sold, but there being a balance due of the amount stated in the declaration.

The court below rendered judgment against the Holman Lumber Company for the amount of plaintiff's claim, but sustained a demurrer to the declaration as to the Nettleton Lumber Company and the People's Bank & Trust Company, from which judgment sustaining said demurrer and dismissing the cause of action to said parties, the plaintiff, Tabb, appeals here.

Counsel for appellant states his contentions as follows: "First, that appellants on the purchase of the lumber for their benefit under their plan and agreement became indebted to him directly for the purchase price and are in fact parties to the purchase and are purchasers. Second, that if there is a distinction between the purchaser and the beneficiaries of the purchase made on behalf of the beneficiary under a contract so to do, the beneficiaries took and converted with notice of appellant's purchase money lien on the lumber and they owe him for the lumber so converted and used by them and charges that they, under their plan, are responsible

for the loss of the identity of the lumber sold by appellant. Third, that the vendor's lien or purchase money lien statute is not affected or suspended or superseded in its application by the enactment of the statute for acquiring a lien on after acquired property; that the act providing a lien on after acquired property can apply only through principles of equity."

Chapter 243, Laws of 1920, excluding the enforcing section and title, reads as follows: "Be it enacted by the Legislature of the State of Mississippi, That a deed of trust or mortgage on all of the chattels of a named class or classes (not including merchandise), described or limited as to locality, owned at the time of the execution of the instrument and on such property of like kind as may be acquired during a stated period not to exceed twelve months, given to secure any and all indebtedness which the grantor may owe the beneficiary during said period, shall be a valid lien against all creditors of the grantor. The grantor shall have the right to pay the indebtedness thus secured with interest at any time, though not then due. This act shall not affect the validity of chattel deeds of trust or mortgages, now or hereafter given, valid under existing laws, but is intended to make valid deeds of trust or mortgages on chattels (not including merchandise) in which the grantor has no present or potential interest."

Counsel states in the opening of his brief that the constitutionality of the statute is not challenged. Under the language of the statute it is distinctly provided that the deed of trust so given "shall be a valid lien against all creditors of the grantor." Therefore, upon its face and in its broadest aspect, it supersedes all other liens, or takes priority over these which are held by the creditors of the grantor. The statute, however, means that it shall prevail over other creditors of the grantor, whose liens of whatever character have been taken since the deed of trust, although the property upon which the lien

under this chapter operates may not pass into the possession of the creditor in the deed of trust until after the liens of the other creditors of the grantor taking with notice of the deed of trust have attached. In other words, under this statute, if the after-acquired property, with a lien upon it, created subsequent to the taking of the deed of trust, passes into possession of the grantor in said deed of trust, he becomes a prior lienor. In other words, other creditors are charged with notice under a deed of trust of this character that, if they take security against the property so described in it, and it passes into the possession of the maker of the deed of trust at the point designated within the period prescribed, their security liens will be subordinated to that provided for in this chapter.

Taking up the appellant's contentions, we have examined the contract between the Nettleton Lumber Company and the Holman Lumber Company, and we do not think that it constitutes a joint venture in such sense that the Nettleton Lumber Company is charged with notice of things coming to the Holman Lumber Company or its owner, and that it is not a partnership arrangement. It is an arrangement of general operation throughout the country by which a person engaged in the manufacture or assemblage and sale of lumber may procure a competent selling agent and adequate financial assistance for the operation of such a business. In order that funds might be available, and that the credit of such person might be used to advantage in such situations, it was deemed wise by the legislature to provide for the giving of a deed of trust upon property not possessed at the time of the giving of the deed of trust, but which might come into the possession of the grantor during a limited period of time and situated at a particular point or locality. Whether or not the legislation is wise is no concern of the court.

So far as the bank was concerned, we think that there were no obligations assumed by it under the contract,

nor was the contract particularly made for its benefit, but was made with the contemplation that the bank would be resorted to for the purpose of securing financial aid in the way or manner and with the security provided for in chapter 243, Laws 1920, supra.

The deed of trust having been placed of record, and the plaintiff being charged with notice of its existence, he sold his property to the Holman Lumber Company at his own risk, and his vendor's lien (section 2239, Code 1930), when the lumber passed into the possession of the Holman Lumber Company, was lost, provided that the Nettleton Lumber Company and the bank had not notice at that time of the existence of the vendor's lien. This notice, if it is available, must exist at the time or shortly before the time the lumber was sold to the Holman Lumber Company. The bank and the Nettleton Lumber Company are not charged with notice of facts that were only brought to the attention and knowledge of Holman or the Holman Lumber Company. Under the vendor's lien statute the lien exists only while the property is in the hands of the vendee or those who take with notice of the lien. When a person sells property to another without having such vendor's lien of record, and the vendee sells the property to a person without notice, the lien ceases to exist.

A careful consideration of the appellant's contentions leads us to the conclusion that they are unsound, and that the judgment of the court below was correct. The judgment will therefore be affirmed.

Affirmed.