MOTOR PARTS & BEARING COMPANY *v.*
O. K. RUBBER WELDERS, INC.

No. 43237 December 7, 1964 169 So. 2d 444

Burrell O. McGee, Wynn, Hafter, Lake & Tindall, Greenville, for appellant.

328

*Keady, Campbell & DeLong,* Greenville, for appellee.

ETHRIDGE, J.

 █ This case involves the question of whether a statutory purchase-money lien applies to chattels sold at an execution sale to a judgment creditor of the vendee, without notice of the lien's existence. We hold it does not, and affirm the judgment of the Circuit Court of Washington County.

In 1960 Motor Parts & Bearing Company (called Motor Parts), appellant, sold a wheel-aligning machine and equipment to T. C. McKenzie, doing business as Greenville O.K. Tire Store, on a conditional sale contract which was not recorded. The chattels were installed in the business premises of McKenzie and were used in his business. About a year and a half later, in October 1961, O.K. Rubber Welders, Inc. (called Welders, Inc.), the appellee, filed an attachment affidavit against McKenzie alleging he was indebted to it for merchandise sold him. Welders, Inc. obtained a judgment against McKenzie for $6,848.66. On a writ of execution, the sheriff sold the chattels to Welders, Inc. for $2,000 cash. It was stipulated that Welders, Inc. did not have knowledge that any of the purchase price remained unpaid by McKenzie to Motor Parts. Nor had McKenzie disclosed Motor Parts' lien or claim to the property by any sign displayed at his place of business.

In March 1963, Motor Parts filed an affidavit in circuit court asserting a purchase-money lien against the property for the balance of the purchase price due it

($2,973.60). Pursuant to the writ, the property was seized and held by the sheriff. Welders, Inc. answered, and after a hearing on stipulation of facts, the trial court entered judgment for the defendant.

Motor Parts makes no claim on its unrecorded conditional sale contract to McKenzie. It relies solely upon the statutory purchase-money lien created by section 337, Mississippi Code Annotated (1956): "The vendor of personal property shall have a lien thereon for the purchase-money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase-money was unpaid."

■■ ■ This lien on personal property is lost when the personalty passes to a purchaser from the first vendee, without notice that the purchase-money was unpaid. Tabb v. Peoples Bank & Trust Co., 160 Miss. 22, 133 So. 137 (1931). Conversely, it exists only when one deriving title or possession through the first purchaser had "notice that the purchase-money was unpaid." Since Welders, Inc. acquired title and possession without notice that the purchase-money was unpaid, Motor Parts' lien under section 337 ceased to exist. The statute defines the extent of its rights.

Appellant argues that a purchaser at an execution sale acquires only the interest of the defendant in execution. It relies on Lissa v. Posey, 64 Miss. 352, 1 So. 500 (1887), involving a purchase of land at an execution sale, and a common-law vendor's lien for the purchase price of land. *Lissa* and related cases do not control here, because an equitable purchase-money lien on land is in a different category from the statutory purchase-money lien on personal property. The latter, defined in section 337, ceases to exist when the property passes to one without notice that the purchase-money was unpaid. Commercial Credit Corp. v. Davidson, 112 F. 2d 54 (5th Cir. 1940), involved a contest between a purchase-

money claimant and a trustee in bankruptcy, who, the court held, stood in the position of the bankrupt, as a matter of federal law, and who could assert no better title than the bankrupt had. The trustee in effect had notice that the purchase money was unpaid. In the instant case, Welders, Inc. had no such notice.

■■ Moreover, although we are dealing with the specific limitations of the statutory lien, it is appropriate to note that generally a purchaser at an execution sale will be an innocent purchaser where he would have been deemed one at a voluntary sale. 33 C.J.S. *Executions* §§ 293, 294 (1942). ■■ Such a purchaser is protected against secret infirmities existing against the title of the execution debtor. 21 Am. Jur. Executions § 289 (1939). ■■ With perhaps the limited exception stated in Walton v. Hargroves, 42 Miss. 18 (1868), an execution creditor can be a bona fide purchaser for value. Hart v. Gardner, 81 Miss. 650, 33 So. 442 (1902); Mississippi Valley Co. v. Chicago, 58 Miss. 846 (1881); 21 Am. Jur. *Executions* § 219 (1939). ■■ These rules, as to equitable purchase-money liens on land and when they are terminated by a purchaser without notice, are not directly in point, but are relevant and analogous in a general definition of the rights of a judgment creditor purchasing without notice at an execution sale.

The controlling fact here is that appellant relies on the purchase-money lien of section 337, and it ceased to exist when the personal property was bought by Welders, Inc. without notice of its existence. Since this proposition decides the case, it is not necessary to consider the business sign statute. Miss. Code Ann. § 273 (1956).

Affirmed.

*Lee, C. J., and Gillespie, McElroy and Brady, JJ.,* concur.