INZER, Justice:
This appeal arises from a $253.03 judgment of the Circuit Court of the Second Judicial District of Carroll County, Mississippi, against W. B. Johnson, appellant to the extent of the value of certain personal property upon which plaintiff-appel-lee, Howard Wamble, doing business as Wamble Machine Shop, had a mechanic’s lien.
Appellee filed suit against one Bill Hill-man to enforce his lien against a bulldozer tractor upon which appellee had made repairs at Hillman’s request. Although the tractor was in Hillman’s possession, it belonged to one Fred L. Hancock of Monroe, Louisiana, who was not made a party to the action. Thereafter, but prior to the actual seizure of the tractor, Hancock sold it to appellant, W. B. Johnson, who claims to have been an innocent purchaser without notice of appellee’s lien.
*922 Appellee then joined appellant as co-defendant and the court peremptorily instructed the jury to find for appellee, making their verdict a lien against the property.
The only meritorious assignment of error is that the lower court erred in granting a peremptory instruction for appellee, thus refusing to submit to the jury the issue of whether appellant was an innocent pur■chaser for value without notice.
Appellant testified that he had no actual notice of the lien. He was not ■charged with constructive notice of the suit to enforce the lien, since the writ ■of seizure against the property was not executed until after appellant purchased the property. Neither had there been any service of process upon Hancock from whom appellant purchased the property.
Appellee had a lien under the provision of Mississippi Code 1942 Annotated, section 353 (1956) for the work done, but that lien was lost when he did not retain possession. Under Mississippi Code 1942 Annotated, section 355 (1956) appellee, although not in possession of the property, retained a lien to the extent allowed for purchase money liens under Mississippi Code 1942 Annotated, section 337. That lien is lost when the property passes to a bona fide purchaser without notice of the lien. Tabb v. Peoples Bank & Trust Co., 160 Miss. 22, 133 So. 137 (1931).
We are of the opinion that the trial ■court erred in refusing to submit the issue ■of whether appellant was an innocent purchaser for value without notice to the jury. Therefore, this case is reversed and remanded in order that this issue may be determined by a jury.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.