PATTERSON, Justice.
This appeal arises from a judgment of the Circuit Court of the Second Judicial District of Jones County which held certain tax liens of the State Tax Commission to be pri- or to the purchase money lien of Paper Products Company, appellant, against merchandise sold to the Bethea Grocery Company, Inc. The subject property consists of health and beauty aid merchandise which appellant sold to Bethea Grocery Company on open account from September 1965 through February 1966. The State Tax Commission, beginning in February 1965 and continuing through January 1966, had twelve tax lien judgments enrolled against Bethea as provided by the Mississippi Code 1942 Annotated sections 10123, 10124 (Supp. 1966) in the office of the Circuit Clerk of Jones County for $60,065.83 in unpaid sales taxes. On January 19, 1966, while Bethea Grocery remained indebted to Paper Products Company for the purchase price of the property, the State Tax Commission had the same seized for sale under its judgments in accord with Mississippi Code 1942 Annotated section 10125 (Supp. 1966). Thereafter, on February 8, 1966, the appellant filed an affidavit to try title to the merchandise and to assert a vendor’s lien under the provisions of Mississippi Code 1942 Annotated section 337 (1956).
The facts were stipulated by the parties and reflect these events in regard to the property:
(2) The State Tax Commission sales tax warrants and liens were duly and properly enrolled against Bethea Grocery Co., Inc., on the judgment roll of the Circuit Clerk’s office of Jones County, Mississippi, with the warrant numbers, judgment creditor, judgment debtors, amounts, dates rendered and dates enrolled as shown by Exhibit “A” hereto attached and made a part hereof.
(3) The warrants were duly issued by the State Tax Commission from said judgments and the goods were properly levied on and attached by the Sheriff of Jones County.
(4) That (2) and (3) aforesaid occurred prior to the filing of the affidavit of purchase money lien by Paper Products Company, plaintiff, and prior to the Writ of Seizure issued, served and returned on Bethea Grocery Company, Inc.
The property, as we determine from the record, is now in custodia legis inasmuch as it is now in the possession of the county coroner pending the outcome of this suit. The appellant obtained a default judgment in the sum of $2,120.46 on its purchase money lien against Bethea Grocery at the return term of the court. However, the enforcement of such lien was held in abeyance by the court pending an adjudication as to the priority between the tax lien and the vendor’s lien. From these facts the lower *637 court held the tax lien to be prior and thus superior to the vendor’s lien of appellant.
The appellant has filed several assignments of error relative to the action of the lower court in holding the state tax lien to be superior to the purchase money lien. The question presented to this Court by the appellant’s assignments is whether the tax lien is prior to the vendor’s lien under the facts and circumstances of this case, rather than a categorical determination sans facts of superiority of one lien over the other.
The vendor’s lien claimed by appellant is established by Mississippi Code 1942 Annotated section 337 (1956) as follows:
The vendor of personal property shall have a lien thereon for the purchase-money while it remains in the hands of the first purchaser, or of one deriving title or possession through him, with notice that the purchase-money was unpaid. (Emphasis added.)
The lien established thereby has been held to relate to the time of sale rather than to a subsequent reduction to judgment, as in Trenton Lumber Company v. Boling, 230 Miss. 233, 241, 92 So.2d 440, 443 (1957), we stated:
The statute does not confer on the vendor a mere right to acquire a lien on the property by seizing it under judicial process while in the hands of the first purchaser. The statute creates a lien on the property in favor of the vendor for the unpaid purchase money from the time of its sale to continue as long as it remains in the hands of the first purchaser, or one deriving title or possession through him, with notice that the purchase money was unpaid.
 The lien of the Tax Commission is imposed by Mississippi Code 1942 Annotated sections 10123, 10124 (Supp.1966) as follows:
If any person liable for the payment of sales taxes, damages or interest fails or refuses to pay same after receiving the notice and demand as provided in subsections (a) and (b) of section 7 [§ 10119], and if such person has not filed a petition as provided under section 9 [§ 10121] of this act, the commissioner may file a notice of a tax lien for such sales taxes, damages, and interest with the circuit clerk of the county in which the taxpayer resides or owns property which shall be enrolled as a judgment on the judgment roll.
Immediately upon receipt of the notice of the tax lien for sales taxes, damages and interest, the circuit clerk shall enter the notice of a tax lien as a judgment upon the judgment roll and show in the appropriate columns the name of the taxpayer as judgment debtor, the name of the commissioner of state tax commission as judgment creditor, the amount of the taxes, damages, and interest, and the date and time of enrollment. The judgment shall he valid as against mortgagees, pledgees, entrusters, purchasers, judgment creditors, and other persons from the time of filing with the clerk. The amount of such judgment shall be a debt due the State of Mississippi and remain a lien upon all property and rights to property belonging to the taxpayer, both real and personal, including choses in action, with the same force and like effect as any enrolled judgment of a court of record, and shall continue until satisfied. Such . judgment shall be the equivalent of any enrolled judgment of a court, of record and shall serve as authority for the issuance of writs of execution, writs of attachment, writs of garnishment or other remedial writs. The commissioner may issue warrants for collection of sales taxes from such judgments in lieu of the issuance of any remedial writ by the circuit clerk, as provided in section 12 [§ 10125] hereof. * * * (Emphasis added.)
Both statutes are plain in their terms. The former imposes a lien on property from the time of sale which terminates upon title or *638 possession of the property being transferred to another without notice of the vendor’s lien. The latter imposes a lien for the nonpayment of sales taxes from the time of filing the appropriate notice of payment with the clerk which endures until the tax is paid. The tax lien established is the equivalent of, in fact is, a judgment at law with the same rules relating to priority as any other judgment at law. These priorities are established by statute, by case law, and by the facts of each case.
A résumé of the most salient facts in the case at bar discloses that the appellant with constructive notice of the appellee’s enrolled judgments sold merchandise to a retail concern for resale to the public. Its vendor’s lien was undisclosed and no attempt was made by the appellant to identify the merchandise it sold so that it would not be co-mingled with other merchandise of the retailer; in fact, it did not make its vendor’s lien known until the State Tax Commission had asserted its lien in the statutory manner and had, pursuant to Mississippi Code Annotated section 10125 (Supp.1966) commanded the sheriff of the county to seize and sell the property in question for the satisfaction of its judgment. In response to this demand the Sheriff of Jones County obtained possession of the merchandise and the same is now in custodia legis pending the outcome of this suit. These facts bring immediately to mind the following question: Is the property still in the hands of the first purchaser or one deriving title or possession through him, with notice that the purchase money was unpaid? We are of the opinion that to pose the question is to answer it, as in Motor Parts & Bearing Company v. O. K. Rubber Welders, Inc., 251 Miss. 326, 330, 169 So.2d 444, 445 (1964) this Court, in construing Section 337, stated:
This lien on personal property is lost when the personalty passes to a purchaser from the first vendee, without notice that the purchase-money was unpaid. Tabb v. People’s Bank & Trust Co., 160 Miss. 22, 133 So. 137 (1931). Conversely, it exists only when one deriving title or possession through the first purchaser had “notice that the purchase-money was unpaid.” Since Welders, Inc., acquired title and possession without notice that the purchase-money was unpaid, Motor Parts’ lien under section 337 ceased to exist. The statute defines the extent of its rights.
The property at the time the appellant sought to assert the vendor’s lien was no longer in the hands of Bethea Grocery, the first purchaser, but rather was in the possession of the Sheriff of Jones County by process of law without notice to him that the purchase money was unpaid. We think, therefore, that the lien created by the statute was terminated by the statute under its terms. The appellant relies on Trenton Lumber Company, supra, as authority for its position that the vendor’s lien was applicable. That case is not controlling here as the products there in question remained in the hands of the first purchaser.
The controlling fact here, as in Motor Parts, supra, is that the purchase money lien upon which appellant relies ceased to exist when the personal property was placed in the lawful possession of the sheriff for sale to satisfy the judgment without notice to him of the existence of the statutory vendor’s lien. Since this proposition decides the case, it is not necessary to consider the Business Sign statute. Miss.Code 1942 Ann. § 273 (1956).
Affirmed.
GILLESPIE, P. J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.