Miranda G. Davis et al. v. J. M. Pearson, Admr., et al.

1. COURTS OF EQUITY—GENERAL PRINCIPLE.—Courts of equity endeavor to look through the forms and incidents of transactions, to their actual and intrinsic reality and truth.

2. VENDOR'S LIEN.—This lien exists at all times against those privy to the vendee and deriving title from him, except purchasers for value in good faith without notice, as, in the case at bar for example. Here lands were conveyed to a married woman at the instance of her husband, he executing his obligation for the credit payment.

3. SAME.—The lien of the vendor will be enforced unless the circumstances show that it was not intended. Stafford v. Van Ransalier, 9 Cow., 318. And a husband

having negotiated for a conveyance to his wife and executed his own notes for the purchase money is not such "circumstance" nor such collateral security for the purchase money as will imply a waiver of the lien.

Error to the chancery court of Carroll county. COTHRAN, J.

*I. Sommerville,* for plaintiff in error.

The prominent facts in this case that invoke the aid of a court, are that the vendor has parted with his estate, and his grantees are in possession and withhold the purchase money. The sum due by the vendees is a charge on the lands, and a lien is raised by implication. 2 Story's Eq. Jur., § 1219. The defendants insist that security was taken, and that the lien was thereby waived. The bill states (and the demurrer admits it) that Taylor sold the land to Terrell & Pate, that they executed their notes for the purchase money, and that the legal title merely was conveyed by deed, to Terrell and the wife of Pate. Russell et ux. v. Watt et al., 40 Miss., 602. But the very point involved in this case, was adjudicated and determined in the case of Upsham et ux. v. Hargrove, 6 S. & M., 286, Stafford v. Van Rensalier, & Cowen, Dickinson v. Tillinghast, 4 Paige, 215; Gouveneur v. Titus, 5 Paige; Barnett v. Dunlap, 5 S. & M., 702.

But this bill may be maintained on the ground that complainants are judgment creditors of Pate & Terrell's administrators, and have exhausted their remedy at law on the notes. They may now resort to the equitable interest of Pate, and the legal interest of Terrell's heirs. Hopkins v. Carey et ux., 23 Miss., 54, 58, 59; Ratcliffe v. Dougherty, 24 Miss., 182; Rev. Code, 336, art. 23.

*J. Z. George,* for the defendants in error.

The case presents this question : whether upon a deed conveying land to two, one being a *feme covert,* and the taking ·of the note of the grantee, who is *sui juris,* and of the husband of the other grantee, the vendor's lien is raised.

· The preliminary contract between Taylor and Terrell & Pate to sell and convey the land, not being in writing, is

void. This case will be found, upon examination, not at all like the case of Upsham v. Hargrove, 6 S. & M., 286, relied on by the plaintiff in error. In this case, there was no legal or valid contract with A. S. Pate, from which, as between him and Taylor, an obligation to pay the purchase money, can arise, or a lien be raised to secure it. See 1 Greenl. Ev., § 275, and cases therein cited.

Taylor sold and conveyed to Terrell and S. M. Pate, and took the notes of Terrell & A. S. Pate, the husband. Had he taken the note of Terrell alone, he would have had a lien, or if the notes of Terrell and S. M. Pate, he would have had a lien as to Terrell merley; none as to the other. To obviate this, Taylor carried out his own security, taking Terrell's note with A. S. Pate as surety. Johnston v. Union Bank, 37 Miss., 526, 533; Clower v. Rawlings, 9 S. & M., 122; Burke v. Gray, 6 How. Miss., 537; Lewis v. Beatly, 32 Miss.

The rule is firmly established in this court, that as between vendor and vendee alone, the lien, where a deed is made, is waived if security be taken. Clower v. Rawlings, 9 S. & M., 122; Johnston v. Union Bank, 37 Miss., 526; Burke v. Gray, 6 S. & M., 527; Stewart v. Jones, 1 S. & M., 197; Carnes v. Hubbard, 2 ib., 108; Kilpatrick v. Kilpatrick, 23 Miss., 24; Boone v. Barnes, ib., 136; Dunlap v. Barnett, 5 S. & M., 702.

Simrall, J.:

Miranda G. Davis and William P. Taylor, the legal representatives of the estate of John Taylor, deceased, brought their bill in chancery against the administrator *de bonis non*, the widow and heirs of W. H. Terrell, deceased, to assert a vendor's lien on land.

The bill states that on the 10th of October, 1860, John Taylor, the intestate, made a contract with W. H. Terrell, and Allen S. Pate, for the sale of a tract of land in Carroll county, and on the same day made and delivered a deed for the land, conveying the same to said W. H. Terrell, and Sarah M. Pate, wife of Allen Pate, for the price of $8,400, secured by notes,

made by W. H. Terrell and Allen S. Pate.   The first note for $2,100 due 1st January, 1861, the other notes for like sum, falling due 1st of January, 1862, 1863, and 1864.

Judgment has been recovered on the notes, at the October term, 1866, of the circuit court of Carroll county, against the administrators of Terrell and Allen Pate, upon which execution has issued and been returned *nulla bona*.

J. M. Pearson, administrator, Caroline Terrell, Allen Pate, and S. M. Pate demurred to the bill, for the reason that it appeared that security was taken for the purchase money. The demurrer was sustained and the bill dismissed.   This decision of the chancellor involves the only question for consideration in this court.

In Russell v. Watt, 41 Miss., 609, he further advanced to his daughter certain lands by putting her in possession, and allowing her to take the rents and profits, but made no deed to her.   After this the daughter and her husband sold the land to one Moore, and at their instance the father made the conveyance to Moore.   Part of the purchase money being unpaid, suit was brought by Russell and wife to subject the land to the vendor's lien.   Objection was made that Booth, the father of Mrs. Russell, was the vendor, because he made the deed, but the court, looking at the very substance of the transaction, held that Russell and wife were the beneficial vendors, and entitled to the benefit of the lien.

In Upshaw v. Hargrove, 6 S. & M., 291, the land was sold to the husband, and his written agreement taken for the money, but the land was conveyed to the wife.   It was claimed that the lien did not exist, because the vendor had taken the husband's obligation for the price.   To this the court answered, that the wife was a mere volunteer.   No consideration moved from her, either to her husband or Caruthers, the vendor, and she must have known that she had parted with nothing valuable.

It was said by the court, in Stafford v. Van Ransalier, 9 Cowen, 318, " that the lien remains, unless the circumstances in the case show that such lien was not intended to be reserved. "

Can it be affirmed from the "circumstances" of this sale, that it was not intended that the lien should exist. The husband bargained for the land, agreed on the price, gave his note for the money, but had the title made to his wife. The wife attempted to incur no obligation for the debt (if she had such power); is in no wise personally liable for it. She became the recipient of the title as the volunteer appointee of the husband.

Courts of equity endeavor to look through the forms and incidents of a transaction to the actual and intrinsic reality and truth.

If the conveyance had been made to Allen S. Pate, and he had executed a deed to Sarah, his wife, for the simple purpose of fixing the title in her, and without consideration actually paid, it would not be doubted that the lien in favor of the original vendor, would subsist and continue, although she may not have had knowledge of the non-payment of the purchase money. McLeod v. First National Bank (MS. opinion, October term, 1868); Parker v. Foy (MS. opinion).

The lien is good at all times against those privy to the vendee, and deriving title from him, except the purchase for value, in good faith, and without notice. In the case hypothecated, Mrs. Pate could not claim exemption from the lien, because she would not be a purchaser for value.

Instead of placing the title in her through a conveyance from the husband, the deed is made directly from the vendor to her, at the instance of the husband, substantially the same result is reached. The mode only is different. Such "circumstances do not indicate a purpose to raise the lien."

The only distinguishing feature between this case, and that of Upshaw v. Hargrove, was that the husband gave his "written agreement" for the purchase money. The land, it is said, was sold to the husband, but the conveyance was made to the wife." If there had been a formal written agreement, sale, and purchase, between the vendor and husband, by which the husband was the purchaser, and could claim the conveyance to himself, yet, by his direction, the

deed was made to his wife. The execution of the deed became a satisfaction of the " agreement," and could be of no value in the cause, except as a " circumstance," to show that the lien was or was not abandoned. The lien was enforced on the ground that the wife was the substitute for the husband, and had no special and independent merits in her attitude before the court.

In Russell v. Watt, although the legal title was in the father, yet the court treated the daughter as the beneficial owner and real vendor, and held that the lien arose in her favor, although the title passed to the vendee, not by a conveyance made by herself.

We think the principles deducible from the cases is, that if the husband negotiates a purchase of land, and gives his written promise to pay the price, but has the title made to the wife, that the lien will be implied. His promissory note or bond for the purchase money will not be considered as such independent, collateral security as will amount to a waiver. The collateral security is treated as a waiver, because the vendor is supposed to have carried it out, and relied upon it as an indemnity, in lieu of the land. McReath v. Simmons, 15 Vesey, jr., 347.

We are of opinion, therefore, that the court below ought to have overruled the demurrer, and entering here such judgment as the chancellor ought to have rendered, we overrule the demurrer, remand the cause, with leave to defendants to plead or answer in sixty days from this date.