## M. T. TUCKER VS. JOHN HADLEY.

1. VENDOR'S LIEN: *Subsequent purchaser. Title acquired under execution sale.*
   The vendor's lien will prevail over title acquired under execution sale. So also it will prevail against a subsequent purchaser who has paid nothing.

2. SAME: *Case in judgment.*
   T., who held land upon which vendor's lien subsisted, sold same to B. on credit, making deed and taking notes for the purchase price. T. having died, the land was levied on under judgment against him older than his deed to B. The widow of T. bought at execution sale, and also received conveyance from B., upon surrender of his notes. The original vendor having filed a bill to collect unpaid purchase money due by T., *held*, that the lien would prevail both over the sheriff's deed and over the conveyance executed by B.

3. DECREE OF SALE FINAL: *Party promising a reopening estopped to object.*
   A decree directing a sale of land for unpaid purchase money is generally final and cannot be reopened or vacated at subsequent term, but where this has been done at the instance of defendants who had not been properly cited, and the whole case is litigated afresh, resulting in another decree of sale, the parties who procured the reopening will not be heard to object nor to deny the validity of the second decree.

4. EQUITY PRACTICE: *Reference to commissioner.*
  If it be irregular to make reference to a commissioner for statement of amount
    due before there has been an adjudication as to the lien or the maturity of the
    debt, it will be cured by a decree rendered after the coming in of the report
    establishing these things.

APPEAL from the Chancery Court of *Monroe* County.

Hon. O. H. WHITFIELD, Chancellor.

The facts necessary to a full understanding of the case are set out in the opinion of the court.

The errors assigned are:

1. In overruling the demurrer to the bill.

2. In rendering decree in favor of complainant, establishing the vendor's lien, and ordering a sale of the land (July 29, 1872).

3. In its decree, January, 1875, overruling defendant's motion to dismiss the case.

4. In referring to the clerk and master to ascertain amount of complainant's debt.

5. In rendering final decree ordering a sale of the land.

*Acker & Haughton*, for appellant:

Bird was an innocent purchaser for value from Tucker and wife, and had no connection with the fraud charged. 46 Miss., 489; 1 Story's Eq. Jur., §§ 409, 410. The recital in the decree that defendants were served with citation, when contradicted by the record, will not sustain the decree. 44 Miss., 235; 9 S. & M., 613.

The decree, July 29, 1872, was final. It established the debt, the lien, and ordered a sale. *Such decree is final.* 12 S. & M., 726; 13 ib., 307; 27 Miss., 768; 40 ib., 500; 46 ib., 268; 47 ib., 44. The court had no further jurisdiction, except by bill of review. 3 George, 89; 13 S. & M., 226; 46 Miss., 45.

*G. L. Potter*, for appellee:

Bird was not a *bona fide* purchaser, as he never paid anything—simply gave his notes. Much less can appellant make such a claim. Service *v.* Beatty, 3 George, 52; 43 Miss., 260. They took with full notice of the lien of appellee. 6 George,

672, 688. The purchaser at execution sale takes subject to the vendor's lien. See cases in George's Dig., p. 449, § 113. If it was true that some of the parties were not served, nor appeared, the court would not reverse the decree for that reason. They had no interest in the suit, and were not prejudiced by the decree. In such a case the court will adopt the practice settled in regard to suits at law in such cases, and consider that the appellee had abandoned his suit. Davis v. Mahorner, 41 Miss., 552; Hunt v. Anderson, 4 George, 559; Woodhouse v. Lee, 8 S. & M., 161; Henderson v. Talbert, 5 ib., 109.

CHALMERS, J., delivered the opinion of the court.

Hadley sold a tract of land to W. A. Tucker, and made him a deed. Tucker sold to his son-in-law, Bird, and made deed. One of Tucker's notes for the purchase money remaining unpaid, the bill was filed to subject the land to its payment. It appears that Bird agreed to pay Tucker $2,500 for the land, but actually paid nothing. The land having been levied on by some judgments against Tucker, older than the deed to Bird, the latter rescinded his trade, making a deed back to Minerva T. Tucker, the widow of W. A. Tucker, and receiving back his own notes. Whether Bird knew, at the time of his purchase, that there was an outstanding lien does not appear, nor is it important, since, having paid nothing, he was not a purchaser for value, nor had he any interest in the land after the reconveyance by him, which occurred some time before the institution of the suit. The appellant, Minerva Tucker, had full knowledge of the outstanding lien, and cannot escape its effects by taking shelter beneath the reconveyance from her son-in-law, Bird, even if the latter was originally an innocent purchaser, such reconveyance being nothing but a cancellation of the original trade made between her husband and son-in-law, and Bird himself having paid nothing for the land. Neither can she defeat the vendor's lien by her purchase at the sheriff's sale, as to which purchase we remark

that there is no sufficient proof in the record. The vendor's lien will prevail over a title acquired at execution sale. Walton *v.* Hargrove, 42 Miss., 18. The decree subjecting the land to the payment of the unpaid note was, therefore, correct upon the merits. It is objected, however, that it is erroneous by reason of various defects in the proceedings. To the original and amended bill the administrator and heirs of W. A. Tucker were made parties, as was also his vendee and son-in-law, Bird. The service of process as to some of these on the original bill was defective, and as to the amended bill there was no process issued or served. Formal leave was granted, and entered of record, for the defendants generally to answer within thirty days. Minerva Tucker alone answered. The cause progressed to final hearing, and resulted in a decree for a sale, and in a sale. Upon the coming in of the report of sale complainant moved for confirmation and a writ of assistance, presenting for this purpose a petition supported by affidavit. Citations were issued upon this petition, summoning the defendants to appear and show cause against it. Some of them appeared and objected to a confirmation of the sale, because of the want of process and improper service of process upon themselves and others as to the original and amended bills. These objections were by the court sustained, the sale of the land vacated, the purchase money refunded to the purchaser, the cause remanded to the rules, and new process issued for the defendants. After the issuance of several *alias* writs of summons, the defendants were at length brought before the court. The entire testimony was retaken and the cause was reheard, with the same result.

From the final decree condemning the land again to be sold Minerva Tucker alone appeals. It is urged by appellant that whilst the first decree of sale was defective, if not void, by reason of want of legal notice to several of the defendants, yet that said decree being final in its character the court below lost jurisdiction after its rendition, and that its defects could only be cured by appeal. Hence they argue that all the

27

subsequent proceedings were *coram non judice* and void, inasmuch as said decree stood unreversed and not appealed from. It seems a sufficient answer to this position to say that, when a confirmation of the sale under the first decree was asked, the defendants objected because of the defects in the proceedings, and virtually asked thereby for a new hearing upon proper notice. The rehearing was granted, and upon due notice properly served, and upon testimony taken afresh, the final decree, now appealed from, was rendered. It would certainly seem that they cannot now be allowed to object to this action. There is no purchaser insisting on his rights acquired at the sale under the first decree. The purchaser was the complainant in the bill. It is objected that on the second hearing the case was referred to a commissioner to report the amount due on the note, without any adjudication first had declaring. that the note was due, or that it constituted a lien on the land. If this was irregular it was cured by the decree rendered on the coming in of the report, in which the amount due is established, and it is declared that " the claimant is entitled to his vendor's lien."

Decree affirmed.

