M. C. CUMMINGS *v.* J. B. MOORE.

VENDOR'S LIEN. *Novation.*

     Substituting the note of a sub-vendee of land for that of his vendor does not discharge the first vendor's lien. *Pouns* v. *Gartman*, 29 Miss. 133, followed.

APPEAL from the Chancery Court of Itawamba County.

HON. L. HAUGHTON, Chancellor.

A bill filed by the appellant against the appellee, to which the latter's demurrer was sustained, sought to enforce a vendor's lien upon the allegations that land which the complainant conveyed to J. A. Walton was, on December 6, 1875, sold with his consent

by Walton to the appellee, who gave the complainant his note in lieu of Walton's obligation for the purchase-money.

*Newnan Cayce*, for the appellant.

The land is subject to the debt evidenced by the substituted vendee's note. By accepting this new debtor, the original vendor did not waive his lien. *Pouns* v. *Gartman*, 29 Miss. 133; *Parker* v. *Foy*, 43 Miss. 260; *Pitts* v. *Parker*, 44 Miss. 247; *Murphree* v. *Countiss*, 58 Miss. 712. In the cases of *Russell* v. *Watt*, 41 Miss. 602; *Perkins* v. *Gibson*, 51 Miss. 699, and *Rutland* v. *Brister*, 53 Miss. 683, the distinction between vendor and grantor is drawn, not for the purpose of defeating the lien, but in order to maintain the equity.

*L. Brame*, on the same side.

A substituted vendee has no more right than any other vendee to buy land and never pay for it, and he should pay the holder of his note. *Murphree* v. *Countiss*, 58 Miss. 712; *Tiernan* v. *Thurman*, 14 B. Mon. 277; *Pinchain* v. *Collard*, 13 Texas 333. The lien has been sustained in cases exactly like the one now presented in Ohio, *Whetsel* v. *Roberts*, 31 Ohio St. 503; in Alabama, *Roper* v. *Day*, 48 Ala. 509, and in Texas, *Pinchain* v. *Collard*, *ubi supra*. The second vendee occupies a trust relation, and he is estopped to deny that the land which he holds is liable for the purchase-money.

*Blair, Clifton & Eckford*, for the appellee.

Accepting a third person's note in payment of the purchase-money of land is a waiver of the vendor's lien. *Allen* v. *Bennett*, 8 S. & M. 672; *Skaggs* v. *Nelson*, 25 Miss. 88; *Johnston* v. *Union Bank*, 37 Miss. 526; *Pitts* v. *Parker*, 44 Miss. 247. The case of *Pouns* v. *Gartman*, 29 Miss. 133, is not applicable to this case because the facts are entirely dissimilar. That was an attempt by Pouns's heirs to keep the land and force Sones, who had no deed, to pay their ancestor's debt. In that case Pendleton, the original vendor, was also the vendor of Sones. Here the relation of vendor and vendee does not exist between the appellant and appellee, but the latter's vendor has made him a deed. *Russell* v. *Watt*, 41 Miss. 602; *Perkins* v. *Gibson*, 51 Miss. 699; *Rutland* v. *Brister*, 53 Miss. 683. The appellant has no lien. *Pitts* v. *Parker*, 44

Miss. 247.    He will have to look alone to the appellee's personal obligation.          .

COOPER, J., delivered the opinion of the court.

In the case of *Pouns* v. *Gartman,* 29 Miss. 133, the vendor of lands became administrator of the estate of the vendee, who was debtor for the purchase-money.  By an agreement between himself and the heirs of the vendee, some of whom were minors, he sold the lands to one Sones, taking his notes for the purchase-money in lieu of those of the original vendee.  On one of these notes suit was brought at law and a judgment recovered.  The heirs-at-law of the original vendee filed their bill against Sones to cancel his title, and obtained a decree to that effect.  The administrator of the vendee then exhibited his bill against the heirs of the first vendee to enforce the lien on the lands for the payment of the judgment which had been recovered against Sones.  The court sustained the lien upon grounds which we think are decisive of .the case now under consideration.    To us it seems that the decision in the case might well have been put upon the grounds that by the rescission of the sale the *status quo* was restored as to all the parties to the contract; but the decision was based upon other principles, the court saying:  "It must be borne in mind that Pendleton's lien on the land was in full force at the date of the sale to Sones, who became his (Pendleton's) debtor in lieu of the heirs of Pouns, who, though holding then the legal title to the land, held it, nevertheless, subject to Pendleton's vendor's lien, which was never, in fact, released as to the land, but attached to it in the hands of Sones, the subpurchaser, just as it had existed on it while in the hands of the heirs of Pouns."  And, again, speaking of the invalidity of Pendleton's sale to Sones, the court said :  " His sale may have been insufficient to pass their legal title to the purchaser, but did not in any manner affect his lien for the unpaid purchase-money."    It is clear that it was not the lien which arose on the conveyance from Pendleton to Sones which was enforced, but that which arose from the original sale to Pouns, the first vendee.  The equitable principle that the vendor shall have a lien upon the land sold to secure the purchase-money due was adopted from

the civil law.   It has been expanded in many of the States and modified in others.   As it now exists in each State, it is in a great degree the creature of judicial decision, and we think by the case above noted it is settled in this State that the substitution of the note of the subvendee of the land in lieu of that of his vendor does not discharge the lien held by the first vendor.

*Decree reversed.*