## JANETTE LISSA *v.* KATE M. POSEY.

1. VENDOR'S LIEN. *Beneficiary in deed of trust. Absolute deed by trustee. Purchaser under execution. Case in judgment.*

   W., trustee in a deed of trust on certain land given by C. to secure a debt due by him to L., sold the land, after condition broken, to E. on a credit, and took the promissory note of the latter for the purchase-money, payable to L. By the deed of trust, W. was only authorized to sell for cash. The deed made to E. was absolute in form, and acknowledged the receipt of the purchase-money. After the conveyance to E., the land was sold under a judgment against E., enrolled before such conveyance, and was bought by P. *Held,* that L. has a vendor's lien on the land for the unpaid purchase-money.

2. SAME. *Right to assert in ejectment.*

   In the above-stated case certain judgments were obtained against E., and recorded in July, 1884. In September, 1884, E. conveyed the land to L. in consideration of the note held by L. for the unpaid purchase-money. In November, 1884, the land was sold under the judgments above referred to, and bought by P. Thereupon L. brought ejectment against P. for the possession of the land. *Held,* that L.'s vendor's lien cannot be asserted in ejectment.

3. REGISTRY ACTS. *Effect of. Equities arising by operation of law. Execution sale. Effect on purchaser at.*

   Equities against land which arise by operation of law and are incapable of being recorded, or which are not required to be recorded, as vendor's liens, are unaffected by the registry acts, and a purchaser at an execution sale, against such equities acquires only the interest of the defendant in execution. *Perry* v. *Priebatsch,* 61 Miss. 402, cited.

APPEAL from the Circuit Court of Hancock County.

HON. S. H. TERRAL, Judge.

In December, 1881, one M. S. A. Casanova conveyed the land here in question to W. R. Seal, trustee, for the benefit of Mrs. Janette Lissa, to secure to her one hundred and sixty dollars which

she had lent Casanova, with interest thereon.    The debt not being paid at maturity, on March 5, 1883, the trustee, Seal, sold and conveyed the land by virtue of the trust-deed to John Estapa for one hundred and eighty-seven dollars and eighty-six cents.    The trustee conveyed the land to Estapa by an absolute conveyance, acknowledging receipt of the purchase-money.    The deed required the land to be sold for cash, but the trustee sold it to Estapa on a credit, taking his promissory note for the purchase-money, payable March 4, 1884, to Mrs. Janette Lissa.    On July 14, 1884, certain judgments recovered against John Estapa were duly enrolled in the county where the land is situated.    On September 11, 1884, Estapa conveyed this land to Mrs. Lissa, reciting in the deed that it was in consideration of the unpaid purchase-money, evidenced by his promissory note above referred to.    In November, 1884, executions were issued upon the enrolled judgments against Estapa, and this land was thereunder sold and conveyed to Mrs. Kate M. Posey.    At the sale under the executions, Mrs. Lissa announced that she had a vendor's lien on the land for the unpaid purchase-money.    Afterward Mrs. Lissa brought this action of ejectment against Mrs. Posey.    The court instructed the jury to find for the defendant, which was done, and the plaintiff appealed.

*W. P. & J. B. Harris,* for the appellant.

1. Where it was agreed by the vendor that a note for the purchase-money shall be given to a third person, the lien was held to go with the note, and the holder was entitled to establish his equity. Overton on Liens 682, 683.

In the case at bar the defendant says his title is best because he has taken the land by virtue of a judgment lien which was enforced by sale of the land under execution, and that his lien existed prior to the date of the deed to the plaintiff.    The plaintiff says, I hold the land by the better title, because it was conveyed to me to satisfy my vendor's lien, which was prior and paramount to your judgment lien.

We know that a plaintiff cannot recover in ejectment upon a purely equitable title, however perfect the equity ; but there is no reason why he should not be allowed, as in the case at bar, when

he proceeds on a legal title, to show that he acquired the legal title by virtue of an equity which was superior to the equity or lien under which the defendant seeks to subject the land.

If the plaintiff was the vendor, there can be no question that all the rights of the defendant were subordinate to her lien, and she had just as much right to take the land in satisfaction of her lien as the plaintiff in execution had to sell the land to satisfy his judgment.

2. The defendant purchased with full notice of plaintiff's title. *Duke* v. *Clark,* cited by counsel for appellee, is no authority for his position.

The law does not *require the registration of a vendor's lien,* and the common-law rule that the purchaser at the execution sale gets only the interest of the defendant in execution applies with full force, and more especially would this be the case when the purchaser has full notice of the lien before purchasing.

*J. B. Harris,* for the appellant, made an oral argument.

*Posey & Bowers,* for the appellee.

1. The deed of the constable to defendant Posey took effect, by relation, from the enrollment of the judgments under which the sale was made. See *Mitchell* v. *Wood,* 47 Miss. 231; *Hundelings* v. *Merrell,* 52 Miss. 92; *Cahn* v. *Person,* 56 Miss. 360; *Duke* v. *Clark,* 58 Miss. 465; *Miss. Valley Co.* v. *C., S. L. & N. O. R. R. Co.,* 58 Miss. 846.

It follows that the defendant below, appellee here, acquired the legal title to the land in controversy by a deed under execution sale, which deed took effect from July 23, 1884, the date of the enrollment of the judgments.

The plaintiff acquired her legal title (if any) by deed of Estapa to her, recorded on 11th day of September, 1884. She took by this deed only such title as Estapa at that time had, a title subject to be divested by sale under the previously enrolled judgments against him.

The decisions of this court above cited settle this question so clearly that argument is useless.

2. It may be remarked that at the sale plaintiff claimed only a

vendor's lien on the land. If she had such lien, she could enforce it only in equity, in which all other holders of liens could have a hearing. But instead of availing herself of her only remedy, a suit in equity, she claims soon after the sale not a lien, but the legal title to the land, and brings this action of ejectment to recover it. If she has any rights or remedies as an unpaid vendor of the land, her only remedy, of which she may yet avail herself, is by a suit in equity.

But this claim, even of a vendor's *lien,* is a lame and impotent device.

*Ben. Lane Posey,* of counsel for the appellee, argued the case orally.

Arnold, J., delivered the opinion of the court.

At common law the purchaser of land at execution sale acquired only the interest of the defendant in execution, and was liable to be defeated by any secret, legal, or equitable right existing against the title of the defendant. This rule of the common law is still in force here, except where our registry laws provide otherwise.

The registry laws protect creditors and subsequent purchasers alike, but only as against the unrecorded instruments named in such laws. They do not apply or afford protection to creditors or subsequent purchasers against equities which arise by operation of law, and which are incapable of being recorded, or which are not required by law to be recorded. As to such equities, the purchaser at execution sale remains, as at common law, a mere volunteer, and acquires only the interest of the defendant in execution. *Perry, etc.,* v. *Priebatsch,* 61 Miss. 402 ; *Miss. Valley Co.* v. *Chicago, etc., R. R. Co.,* 58 Ib. 846 ; *Walton* v. *Hargraves,* 42 Ib. 18. It results from these principles that appellee's title is not protected by the registry laws.

*Louisiana National Bank* v. *Knapp,* 61 Miss. 485, supports the view that appellant had a vendor's lien on the land in controversy, but it could not be asserted in an action of ejectment, and in such action her condition was not improved by the fact that the judgment debtor conveyed the land to her after the judgments against

him had been duly enrolled. The judgments, after enrollment, were a lien on whatever interest he had in the land, which could not be defeated or impaired by his subsequent conveyance of the land. Code, § 1737 ; *Cahn* v. *Person*, 56 Miss. 360.

*Affirmed.*