S. A. D. GREAVES ET AL. *v.* WM. ATKINSON.

1. RESULTING TRUST. *Husband and wife. Code* 1857, *p.* 336.

Independently of code 1857 (p. 336) creating a trust in such cases, at common law, a wife could, to the same extent and under the same circumstances as other persons, acquire a resulting trust in land bought by her husband in his name with her money.

2. BONA FIDE PURCHASER. *Affirmative defense. Demurrer.*

In a bill to enforce a resulting trust in land against one who has purchased from the trustee, where the facts of the purchase are shown, and it thereby appears that the defendant is a purchaser for value, he may raise the defense by demurrer. But, where the facts do not so appear, the defense, being affirmative, must be raised by plea or answer.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

Appellants filed their bill against appellee to establish a resulting trust in certain lands. They allege that in 1853 their father purchased the land in his own name with money belonging to his wife, their mother; that their father was adjudicated a bankrupt, and the land in controversy was sold by order of the bankrupt court and purchased by J. M. McKee, who conveyed to Capital State Bank, which in turn conveyed to Wm. Atkinson, the appellee.

The bill alleges that Atkinson, at the time of his purchase, had notice of complainants' equity, but nothing is said as to notice on the part of the bank or McKee.

Complainants allege the death of their mother and father, and as heirs of the former ask that the trust which enured to her be enforced in their favor.

Defendant demurred mainly upon the ground that, prior to the

adoption of the code of 1857, a wife did not acquire a resulting trust because of the purchase of land by her husband in his own name with her money. It was also objected that the bill did not negative the good faith of the purchasers under the father. The provision of the code referred to is as follows : " If the husband shall purchase property in his own name, with the money of his wife, he shall hold the same only as trustee for her use, but such trust shall be void as against creditors of the husband, who contracted or gave credit in consequence of the possession of such property." Code 1857, p. 336, Art. 24.

The court sustained the demurrer upon the ground that the bill failed to show that defendants had notice of complainants' equity, and the complainants have appealed.

*F. B. Pratt* and *H. B. Greaves*, for appellants.

The code of 1857 did not *establish* the doctrine of resulting trusts in favor of a wife. It merely worked some changes in the common law rule. All the authorities hold that, if a husband buys lands in his own name with money of the wife, a trust results to her. Perry on Trusts, § 127 ; 1 Lewin on Trusts, 170; *Brooks* v. *Shelton*, 54 Miss. 356. The relationship of husband and wife did not at common law affect the doctrine.

If defendant was a *bona fide* purchaser, that was a matter of defense. Dan. Ch. Pr. 677.

*W. H. Powell*, for appellee.

When a married woman (prior to the code of 1857) willingly allowed her husband to use her money as his own and buy land in his name, and deport himself with reference thereto as owner, he could dispose of the land and she could not defeat the conveyance on the ground of resulting trust. Such trust will never be allowed where it will operate as a fraud, or work injustice to third persons. *Coleman* v. *Semmes*, 56 Miss. 321.

At common law the husband acquired an absolute right to all the personal property of the wife, and all rents of her realty. They were one in law, and a claim by one could not exist against the other. A purchase by the husband in name of the wife was an

advancement to her. *Fatheree* v. *Fletcher*, 31 Miss. 265. Why was not a purchase by the wife in the husband's name an advancement to him?

If there was a resulting trust in the wife before the code of 1857, why was art. 24 in question adopted? For construction of that article see *Gibson* v. *Foote*, 40 Miss. 788 ; *Myers* v. *Little*, 60 Ib. 203.

The bill failed to show that defendant is affected with notice of complainants' equity. Nothing therein shows that defendant is not a *bona fide* purchaser. Pleadings are taken most strongly against the pleader.

COOPER, J., delivered the opinion of the court.

Prior to the adoption of the code of 1857 a resulting trust arose in favor of the wife when her money was used in the purchase of lands in his own name by the husband, under the same circumstances and to the same extent that such trust would have resulted to any other person supplying the purchase-money. 1 Perry on Trusts, 137, and note ; 1 Pomeroy's Eq. Jur. 422.

When all the facts and circumstances of a purchase from a trustee in a resulting trust are shown, and it thereby appears that a person is a purchaser for value and entitled to protection as such, he may raise the defense by demurrer to a bill exhibited against him to subject the lands to the trust. Story's Eq. Pl. 603. But when they do not so appear, the defense, being an affirmative one, must be raised by plea or answer. Story's Eq. Pl. 604 and 605 ; 1 Dan. Chy. Pl. & Pr. 677 to 698.

The facts disclosing the *bona fides* of the purchases under S. A. D. Greaves do not appear in the bill in this cause, and the demurrer should have been overruled.

*Decree reversed, demurrer overruled, and cause remanded.*