# W. H. ATKINSON v. J. M. GREAVES ET AL.

1. PURCHASER FOR VALUE. *Extending debt. Taking mortgage.*

    The abandonment by a creditor of a present right to sue, and the acceptance of a mortgage to secure his debt, payable in the future, constitute him a purchaser for value. *Schumpert* v. *Dillard*, 55 Miss., 348.

2. BONA FIDE PURCHASER. *Payment of consideration. Burden of proof.*

    Though the defense of a *bona fide* purchaser is affirmative, and must be pleaded and proved by one who relies upon it, proof of payment of the consideration is *prima facie* evidence of the want of notice, and devolves upon the opposite party the burden of showing notice.

3. SAME. *Purchase under trust-deed. Notice.*

    When, to secure a creditor, a surviving husband has given a trust-deed conveying the fee of lands, as to which there is a secret resulting trust in favor of his children, the secured creditor being a *bona fide* incumbrancer, and afterwards the husband goes into bankruptcy, and the land is sold by the trustee and assignee in bankruptcy, acting conjointly under a decree of the bankrupt court, a good title passes, though it is recited in the schedules that the bankrupt had only a'life-estate. The purchaser acquires title through the trust-deed, regardless of the recitals in the schedules.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

The appellees exhibited the bill in this case against the appellant, Atkinson, seeking to establish a trust in certain lands. They claim through their deceased mother. The lands were purchased prior to 1859 by S. A. D. Greaves, the father of complainants, who took the title in his own name. Complainants averred that the purchase-money paid was that of their mother, whereby a trust resulted in her favor. The defendant answered, denying the material allegations of the bill. Among other things, he set up·the defense of a *bona fide* purchaser. He held under the sale mentioned in the opinion. The cause was heard on pleadings and proofs, and there was a decree in favor of two of the com-

plainants, the bill being dismissed as to the other. Defendant appeals. The other facts necessary to an understanding of the points decided are stated in the opinion.

*W. H. Powell*, for appellant.

When Greaves executed the trust-deed in favor of Estlin & Co., they granted to him, in consideration thereof, an extension of time for the payment of their large debt. They thus became *bona fide* incumbrancers. This being so, the purchaser under their trust-deed will be protected, regardless of any notice imparted by the record in the bankrupt proceedings. 46 Miss., 489; 54 *Ib.*, 159.

*Nugent & Mc Willie*, on the same side.

The defense of a *bona fide* purchaser was fully made out, and should have prevailed in the court below.

*F. B. Pratt*, for appellees.

1. Atkinson is not a purchaser without notice. He derived title through a sale under a decree of the bankrupt court, the records of which recited that Greaves had only a life-estate.

Again, the purchaser of land at a bankrupt sale takes it subject to all equities. *Steadman* v. *Taylor*, 17 Nat. Bk. Reg., 284.

2. The land was acquired by Greaves prior to the code of 1857, and the resulting trust in favor of his wife could only be defeated by purchasers without notice.

But, whether the law of 1857 controls or not, Estlin & Co. were not purchasers for value. They did not give credit on the faith of Greaves' legal title. They participated in the bankrupt proceedings, which recited that he only had a life-estate, and this shows that they had notice. Only the actual interest of Greaves was sold under the decree. The bankrupt court could not affect the rights of the remainder-man. *Kelly* v. *Mills*, 41 Miss., 273; U. S. Rev. Statutes,

§ 5053. All that the bankrupt court court could do was to sell the land, discharged of the lien in favor of Estlin & Co. U. S. Rev. Statutes, § 5075. And this is what was done. If Estlin & Co. had a lien against the estate in remainder, and never enforced it, the defendant acquired no rights under that. As the life-estate only was sold, he will not be heard to say there was no remainder, or that the burden of proof should be on the complainants. The burden of proof is on him to show that the remainder, subject to which the sale was made, did not exist.

*H. B. Greaves*, on the same side.

1. The proceedings in bankruptcy, under which appellant claims, contained full notice of appellee's equitable title, therefore, the defense of a *bona fide* purchaser is not good. Appellant and his vendors are conclusively presumed to have had notice of the facts and recitals of this record. 16 Am. & Eng. Enc. L., 798; 12 Kans., 186; 86 Tenn., 383; 1 Am. St. R., 826, and note, p. 829; *Ib.*, 296, 299; 7 *Ib.*, 129; 24 Miss., 208; 66 *Ib.*, 21.

If wrong in this, we submit that complainants were entitled to recover, because the appellant has no title. He claims through the sale made by the bankrupt court.

If we concede that S. A. D. Greaves owned the land absolutely, yet, inasmuch as he only surrendered in bankruptcy a life-estate, this is all the defendant acquired. Under United States Revised Statutes (§§ 5014, 5015), the bankrupt was required to file schedules, showing the particulars concerning the title of property surrendered. This was the method by which the court was vested with the authority to deal with the land in question, and formed the basis of all the proceedings through which appellant claims.

The decree should be affirmed.

Argued orally by *W. L. Nugent*, for appellant, and *F. B. Pratt*, for appellees.

COOPER, J., delivered the opinion of the court.

It is unnecessary to consider whether the evidence of complainants is sufficient to establish a resulting trust in their favor in the lands in controversy by reason of the payment of the purchase-money by their deceased mother.

Conceding that their father, S. A. D. Greaves, to whom the land was conveyed, paid for it with the money of his wife, and that a trust resulted to her, and that by her death the complainants succeeded to her right, and might have established the trust against S. A. D. Greaves, or against any one claiming under him, other than a purchaser in good faith, the complainants must fail in their suit, because the defendant's title is derived through a purchaser for value, and without notice.

The lands were conveyed to S. A. D. Greaves in the years 1855 and 1858. He was in possession in the year 1868, and, being then indebted to Estlin & Co. in a sum exceeding thirty thousand dollars, secured an extension of time for the payment of the debt by executing a deed of trust upon the land to Frank Smith, as trustee, with power of sale for the payment of the debt if it should not be paid at maturity. The abandonment by Estlin & Co. of a present right of action, and the acceptance of an obligation in lieu thereof, payable *in futuro*, constituted them purchasers for value, and it is not pretended that they had any notice of the secret equity of complainants. *Schumpert* v. *Dillard*, 55 Miss., 348; *Basset* v. *Nosworthy*, 2 Leading Cas. in Eq. (White & T.), 1.

Though the defense of *bona fide* purchaser is an affirmative one, and must be pleaded and proved by the defendant, proof of payment of the consideration is *prima facie* evidence of the want of notice, and devolves upon the complainant the burden of establishing the notice. *Basset* v. *Nosworthy, supra.*

The complainants' counsel insist that, even though Estlin & Co. were purchasers for value, the evidence does not show that the defendant has succeeded to their right, but that he holds under a purchaser who bought under a decree in bank-

ruptcy against Greaves, and acquired only such right as the bankrupt had. In this, counsel is mistaken. It is true that Greaves was adjudged a bankrupt on his own petition; and in his schedule embraced the land in controversy, together with several thousand acres of other land in which he had only a life-estate, and stated that his interest in all the land was that of a life-tenant, and that the children of his deceased wife were remainder-men in fee; but the sale was not of such interest only as the bankrupt had in the land. Smith,. the trustee in the Estlin & Co. security, had advertised the land for sale under the power of the deed of trust, but the sale was, upon the application of the assignee in bankruptcy of Greaves, enjoined by the bankrupt court. Afterwards the assignee and Smith, the trustee, joined in a petition to the court to sell the land. The assignee stated to the court,. in a separate petition, that the interest of the bankrupt was only that of a life-tenant; but the decree of sale was that "the interest of said bankrupt, and that conveyed to said trustee in and to the lands" should be sold, and the report of sale shows that the commissioner sold the whole interest. in the land.

It is true the purchaser of the land got only such title as the bankrupt had or had conveyed by the deed of trust to secure the debt of Estlin & Co. That interest, as to the greater portion of the land, was only a life-estate, for the reason that the bankrupt could surrender to his creditors only his interest in the land, and because, as to the land other than that now in controversy, Greaves had never had a legal title, but the title was in his deceased wife, and, after her death, in her heirs at law. So that, as to such other lands, the conveyance to Smith, as trustee, passed only a life-estate.. But, as to the lands in controversy, the trust-deed, as we have seen, conveyed the fee, and neither the statement of the bankrupt in his schedule nor that of his assignee in his petition could limit it to a life-estate.

It follows, from what we have said, that the defendant, At-

kinson, occupies the position of a *bona fide* purchaser, and, therefore, that complainants can have no relief against him.

*The decree of the court below is reversed, and complainants' bill dismissed at their costs.*