BENJAMIN HART v. ALFRED F. GARDNER ET AL.

1. EXECUTION SALE. *Inadequacy of bid. Subsequent purchaser. Notice.*
   Mere inadequacy of bid at an execution sale of land is not notice to
   a vendee of the purchaser that the title was not in the defendant
   in execution at the time of the sale.

2. REGISTRY OF DEEDS. *Trust deed. Unrecorded deed. Constructive
   notice.*

   The record of a deed of trust conveying land to secure a promissory
   note, with nothing on its face to show that the note evidenced a
   purchase money debt for the land, will not constitute constructive
   notice of an unrecorded deed by which the beneficiary acquired
   the land.

3. SAME.

   Under the registry laws one who at an execution sale purchases
   land standing in the name of the judgment debtor, acquires title
   to the land, although there is a prior unrecorded conveyance of
   which the judgment creditor has no notice.

FROM the chancery court of Leflore county.

HON. A. MC. KIMBROUGH, Chancellor.

Hart, appellant, was complainant, and Gardner and others,
appellees, defendants in the court below. From a decree in
favor of defendants, complainants appealed to the supreme
court. The facts are stated in the opinion of the court.

*Harper & Potter*, for appellant.

The court will see that the sheriff sacrificed the property
here involved, and other valuable property, not only to the
prejudice of its owners, but to the prejudice of any right that
the judgment creditor might have, by selling the property for
a sum insufficient to carry the costs of sale under execution,
wholly disregarding the rights and interests of everybody, ex-
cept his own, in his effort to make the pittance required for

costs, which we insist shows conclusively that it must have been in the air at the time of the sale that the sheriff could not give title to the property.    *Tan Eyck* v. *Witbeck*, 135 N. Y., 40; *Busick* v. *Watson*, 72 Miss., 244; *Baldwin* v. *McGee* (Miss.), 14 So. Rep., 451.

We admit that the trustee's sale would not be permitted to stand against Frederick's objection, or that of those claiming under him, because of the act of 1896.    But as there is nothing in the sale of land in a different county under a deed of trust that is violative of good morals or sound public policy, and the act not declaring such contract void, and imposing no penalty, outside parties, strangers to the contract, cannot complain where the seller offers no objection to the place of sale named by himself, and as between Hart and the judgment creditor his deed is good, and its record gave notice to the world of his interest in the property. . In other words, the trustee's deed was merely voidable at the election of the owner or those claiming under him, and if Mr. Hart had gone into possession under the trustee's deed, he would have been treated as a mortgagee in possession, and not a trespasser.  ..*Bradley* v. *Villere*, 66 Miss., 399; *Wade* v. *Thompson*, 52 Miss., 367; *Russell* v. *Watt*, 41 Miss., 609.    If Hart's deed was merely voidable, its record was notice to the world of his interest.

The record showed the transfer by Frederick to F. C. Nelson, and he having been one of the original owners of the lands, it is impossible that this deed of trust would have escaped the attention of any one examining the title to this land.    In the case of *Stovall* v. *Judah*, 74 Miss., 754, this court held, " Having that trust deed on the public record of the county where the land lay, which they could have seen and ought to have seen, the trustee and beneficiaries under the second trust deed must be charged with notice of it and with notice of whatever it would suggest to a prudent man.    That deed, it seems, would point almost as unerringly to Stovall's ownership as though his deed had been recorded besides it."    This doctrine

is also maintained in the case of *Van Dwiere* v. *Mitchell*, 45 S. C., 127.

The court will see that our registration statutes, code 1892, §§ 2454 and 2457, 2458, do not affect a lien of a vendor as against execution creditors, and that a vendor's lien will prevail against them, although not disclosed by the records. *Kelley* v. *Mills*, 41 Miss., 267: *Walton* v. *Hargroves*, 42 Miss., 18; *Tucker* v. *Hadley*, 52 Miss., 414; *Lissa* v. *Posey*, 64 Miss., 352.

Finally, if the court should be of the opinion that equity is not with us upon these substantial matters, still we insist that this case must be reversed, because of the recording of the deed of trust, and the allegation in the bill that the same was notice. If defendants had looked, they would have seen; if they did not look, they must so state in their answer. The bill called for answer containing a specific denial that the defendant had knowledge of the fact that the title to the land had passed to Mrs. Nelson. *Harper* v. *Reno*, Fre. Ch. R. (Miss.), 323, and the authorities there cited.

*Frank Johnston,* for appellees.

The whole question in the case is whether the judgment lien and the execution sale is superior to the unrecorded deed from Mrs. Nelson to Fredericks.

The rule is well settled that the judgment lien of the creditor of a grantor will prevail over the unrecorded deed of such grantor. This applies to both the deeds and mortgages of the debtors. It is settled construction given to our registry laws that unrecorded deeds of a debtor are not superior to the judgment lien of a creditor who acquires his judgment lien prior to notice of such unrecorded instrument. *Harper* v. *Tapley*, 35 Miss., 506; *Taylor* v. *Lowenstein*, 50 Miss., 278; *Humphreys* v. *Merrill*, 52 Miss., 92; *Nugent* v. *Priebatsch*, 61 Miss., 402.

The record of the mortgage or deed in trust made by Fredericks did not affect the judgment creditor of Mrs. Nelson with notice of such instrument.

A purchaser of a legal title is not affected with record notice of any conveyances except those through whom he is compelled to deraign his title. *Baker* v. *Griffin*, 50 Miss., 158 ; *Harper* v. *Bibb*, 34 Miss., 472 ; *Sessions* v. *Reynolds*, 7 Smed. & M., 153.; *Hiller* v. *Jones*, 66 Miss., 636.

At common law a creditor could sell under his execution only the actual interest of the judgment debtor, and sold subject to all prior equities.

This rule has been displaced by the registry statutes in respect to conveyances and instruments required by the statute to be recorded. But this common law rule remains only as to secret equities or liens that are not required to be recorded, and which cannot be recorded.

Therefore, the judgment lien, in this case must prevail over the unrecorded deed from Mrs. Nelson to Fredericks.

As for a purchaser, in *invitum* at an execution sale, he is, I concede, a volunteer, but the protection afforded to him against the unrecorded deeds and incumbrances of the judgment debtor comes from the fact that under the registry statutes the judgment creditor without notice is not .affected by the unrecorded instrument of his debtor, and has the right to subject the property of his debtor regardless of the prior unrecorded conveyances. This is the ground upon which all of the decisions rest.

The decree of the chancellor is in accordance with this settled doctrine which is a rule of property in the state.

Argued orally by *W. H. Potter*, for appellant, and by *Frank Johnston*, for appellee.

Calhoon, J., delivered the opinion of the court.

The question is on the action of the court below in sustaining the demurrer of the appellee Blumenberg to appellant's (Hart's) amended bill. From this bill it appears that on January 30, 1895, Mrs. Jennie L. Nelson was, so far as the record of deeds showed, the owner of the land in controversy, which land was

wild and uncultivated, and without visible possession by any one; that on November 25, 1896, she duly conveyed it to appellee Fredericks, taking his four promissory notes for the installment of the credit price, the last falling due December 10, 1900, but this conveyance was never recorded; that on the same day, November 25, 1896, Fredericks executed a conveyance in trust to F. C. Nelson, trustee, to secure her in the payment of these notes.   It must be noted here that this trust conveyance, on its face, shows simply a trust to secure the promissory notes by the security of the land in controversy, as if the notes were for a general debt disconnected from the land in controversy, and that it nowhere mentions the purchase price of the land.   This trust deed was duly recorded in the year 1896, and provides for sale, in default of payment, to be made at Jackson, in Hinds county, Mississippi.   The bill further shows that on February 15, 1897, Mrs. F. C. Nelson assigned the four notes to complainant, Hart, as well as the conveyance in trust, and that default was made, and the trustee sold the land at Jackson, and that Hart bought it at the sale, which occurred March 14, 1898, and the trustee made a conveyance of the land to Hart, which was duly filed for record on March 16, 1898, and recorded; that after this deed of conveyance and trustee's conveyance, and on January 13, 1900, a judgment was rendered against Mrs. Nelson, and on April 6th of the same year (1900) execution was issued under it, and levy made by the sheriff on the land, and sheriff's sale on the first Monday of May, 1900, at which appellees Gardner and Nabors became the purchasers, and received a deed from the sheriff, which is recorded; that the land, together with other land, aggregating 960 acres of wild land, and averred to be in gross more than $3,000 in value, was thus sold to Gardner and Nabors for only $21, which was averred to be so grossly an inadequate price as should have put any one on inquiry; and it is averred that this "was notice to defendants and to the world that the title was out of Mrs. Nelson, or at least sufficient

notice under the law to put said purchasers at said sheriff sale upon inquiry as to the true ownership of said property, which information could have been easily obtained, but they made no effort to ascertain the ownership of said land." This quotation is made from the bill because the point is made on it for Hart that the allegation required answer from Blumenberg, the purchaser from Gardner and Nabors, of good faith without notice. The bill further avers a subsequent purchase by Blumenberg from Gardner and Nabors, and the conveyance in that behalf is of record, and that these conveyances under the judgment are a cloud on Hart's title, and the prayer is, that they be canceled as such, and the averment is that the sale by the trustee, F. C. Nelson, being at Jackson, Mississippi, was not void, but merely voidable, under the law of 1896, p. 109; and the further prayer is for a foreclosure by the court of that trust deed. Gardner and Nabors answered, setting up their purchase at execution sale, and their sale by quitclaim to Blumenberg, before these proceedings were begun, and they disclaimed all interest in or claim to the property; and so the bill, exhibits, and Blumenberg's demurrer only, are before us. We cannot concur with counsel for appellant in the contention that the clause of the bill set out above, of itself, required Blumenberg to answer denying notice, and we withhold concurrence in full view of *Harper* v. *Reno*, Freem., Ch. (Miss.) 323, cited by them, and in full view of *Greaves* v. *Atkinson*, 68 Miss., 598 (10 South., 73). In *Harper* v. *Reno*, the parties were being dealt with at first hand, and the complainant Harper charged in his bill that he was the holder of notes of Nobles from Reno, that judgments in favor of other parties were recovered against Reno, and sale of the same land was made under execution, and that Nobles procured one Johnson to become the apparent buyer, in order to defeat Harper's lien, and in fact furnished him the money to make the pretended purchase, and the prayer was for foreclosure of the trust deed against the land as being in truth the land of Nobles. Of course, in that case, although

the bill did not specifically say that Johnson had notice, still it was of the very essence of his claim of title that he should fully set up his complete good faith in his answer.

In *Greaves* v. *Atkinson*, 68 Miss., 598 (10 So., 73), there appeared a bill to enforce a resulting trust against the purchaser at a bankrupt sale, and it was held that if the bill had shown, as in the case before us, all the facts, and they showed on their face that defendant was a purchaser for value, demurrer might be interposed. In *Atkinson* v. *Greaves*, 70 Miss., 42 (11 So., 688), it is held that payment of consideration is *prima facie* evidence of want of notice ; and in the case at bar it must be taken from the allegations of the bill itself that Gardner and Nabors paid their bid at the execution sale, and that they sold to Blumenberg, who bought in good faith. If they became the purchasers at the sale and received a deed from the sheriff, and if it was sold to them for $21, all as charged in the bill, it must be assumed as against the pleading, that they paid their bid, especially as the only objection of the bill is that the price was so grossly inadequate as to necessarily put any purchaser on notice of defects in the title.

We cannot subscribe to the doctrine advanced that, in an attack like this on the title of a remote vendee, the inadequacy of the bid at execution sale can be invoked to destroy his title on the ground that this, *per se*, put him on notice. There is no charge of any fraud, conspiracy, or collusion between the judgment creditor and Gardner and Nabors or Blumenberg. There was no motion in the circuit court to vacate the sale, as in *Baldwin* v. *McGee* (Miss.), 14 So., 451, and in the case of *Busick* v. *Watson*, 72 Miss., 244 (16 So., 420). The posture of the parties cannot be changed in this proceeding simply because of that.

A purchaser or creditor on examining the title would have found it perfect on the records in Mrs. Nelson, and was not bound to take notice of a trust deed executed by any other person. Her deed to Fredericks was not of record. It hung

out in the air like Mahomet's coffin, and did not touch the records anywhere, so far as Mrs. Nelson's name appears in the line of title. The trust deed of Fredericks' is merely to secure a debt, and on its face presents no connection with her antecedent perfect title. *Baker* v. *Griffin*, 50 Miss., 163, and authorities there cited; *Sessions* v. *Reynolds*, 7 Smedes & M., 153; *Hiller* v. *Jones*, 66 Miss., 636 (6 So., 465). The case of *Stovall* v. *Judah*, 74 Miss., 747 (21 So., 614), cannot affect the settled doctrine because of a *currente calamo* clause of the opinion, on page 754, that the trust was of record, "which they have seen, and ought to have seen," etc., since the opinion is based on the fact that it was seen, and on the further fact that the purchaser under it took actual possession.

On the main question in the case of *M. V. Co.* v. *Chicago, etc., R. R. Co.*, 58 Miss., 846, is conclusive. There Chief Justice Chalmers comments on and explains *Kelly* v. *Mills*, 41 Miss., 267, and *Walton* v. *Hargroves*, 42 Miss., 20 (97 Am. Dec., 429), and, under the authorities he cites, sustains the title of an execution sale purchaser in a case like that before us. See *Sledge* v. *Obenchain*, 58 Miss., 675; *Loughridge* v. *Bowland*, 52 Miss., 558. Appellant must stand or fall by the recorded trust deed of Fredericks to F. C. Nelson, trustee, to secure Mrs. Nelson in the payment of a plain debt as it appears on its face, and, it being disconnected from the claim of title to her, cannot succeed in this litigation because of the registry laws. It is unfortunate for Mr. Hart that he did not see to it that Mrs. Nelson's conveyance to Fredericks was filed for record. 28 Am. & Eng. Ency. Law, 179, note 2, under the heading "mortgage by vendee;" 2 Warvelle on Vendors, 714, note 2, p. 712. That conveyance is not produced, and it must be assumed under the pleading, even if this was material, that it was a straight deed, reserving no lien and expressing the consideration paid.

*Affirmed.*

## ON SUGGESTION OF ERROR.

*Harper & Potter*, counsel for appellant, after the delivery of the foregoing opinion, filed a lengthy suggestion of error, making the following points :

"Appellant, believing that the opinion of the court contains error to his prejudice, suggests that the court erred in holding that the equitable vendor's lien in a deed reciting payment upon its face cannot be maintained against a purchaser under execution sale. We concede the court has fairly stated the facts. We also concede that the equitable vendor's lien would not prevail against a *bona fide* purchaser for value, without notice. We also concede that the judgment creditor under the execution sale would get the entire interest of Mrs. Nelson in the land, and that the deed to Fredericks expressed payment of the purchase money ; the lien of Hart being merely the equitable vendor's lien, as distinguished from an expressly reserved vendor's lien. But we deny that these facts aid the demurrant.

"The court, in its opinion, states that on the main question involved here the case of *Mississippi Val. Co.* v. *Chicago, etc., R. R. Co.*, 58 Miss., 846, is conclusive, and that there Judge Chalmers explains *Kelly* v. *Mills*, 41 Miss., 268, and *Walton* v. *Hargroves*, 42 Miss., 20 (97 Am. Dec., 429). We respectfully suggest the court is in error. That opinion does explain *Kelly* v. *Mills*, but merely distinguishes *Walton* v. *Hargroves*, and approves it. The *Kelly case* involved a resulting trust; the *Walton case* a vendor's lien." [Counsel here quote at length from the opinion of Judge Chalmers in *Mississippi Val. Co.* v. *Chicago, etc., R. R. Co., supra*, and say:] "The court will observe that case involved a conflict between an unrecorded mortgage and an execution sale, which came under our registry acts. In *Walton* v. *Hargroves* the deed asserted that the purchase money had been paid, which was not a fact, and it was held by this court that the secret equitable vendor's lien would prevail against the judgment creditor.

This doctrine is also held in the following cases: *Davis* v. *Pearson*, 44 Miss., 508; *Tucker* v. *Hadley*, 52 Miss., 414; *Lissa* v. *Posey*, 64 Miss., 352 (1 South., 500). [Counsel here quote at length from Warvelle on Vendors, page 695.] We think, therefore, that there can be no doubt of the soundness of our proposition that a purchaser at execution sale is a mere volunteer, notwithstanding our statute, as against the equitable lien of the vendor, and that he takes the property subject to this lien.

"We ask the court to bear in mind that Mrs. Nelson, the judgment debtor, long before the rendition of the judgment, had parted absolutely with all her right, title and interest in the property. We understand that, without the aid of the statute, Mr. Hart, as the purchaser of the notes, would not have had the benefit of an unexpressed vendor's lien, but our statute (the last part of § 3503, code 1892) provides: 'The assignee of a claim for purchase money of land may enforce the vendor's lien as the vendor could.' By force of this statute when the notes were assigned to him he became substitute for Mrs. Nelson. The taking of the deed of trust to secure the purchase money was not a waiver of the vendor's lien. The great mass of authorities cited by counsel for appellees does not sustain his position that it does. In *Fish* v. *Howland*, 1 Paige, 20, the vendor took a note in which a third person joined. The case of *Gaylord* v. *Knapp*, 15 Hun., 87, was governed by statute, and there had been a foreclosure of a valid mortgage for the purchase money. In *Little* v. *Brown*, 2 Leigh, 353, the only matter involved was rents and profits from the land. In *Richards* v. *McPherson*, 74 Ind., 158, a mortgage was taken, transferred to an heir as part of her distributive share, and later marked 'satisfied' by her, she taking a new note. In *Young* v. *Wood*, 11 B. Mon., 123, a mortgage was given upon the land conveyed, and other land, and a negro slave. In *Hunt* v. *Waterman*, 12 Cal., 301, the mortgage taken embraced other lands than those conveyed.

. " We cite, to sustain our view, the following authorities: *Wasson* v. *Davis*, 34 Tex., 159; *De Bruhl* v. *Maas*, 54 Tex., 464; *Boos* v. *Ewing*, 17 Ohio, 500 (49 Am. Dec., 478); *Elliott* v. *Plattor*, 43 Ohio St., 198 (1 N. E., 222); *Jones* v. *Davis*, 121 Ala., 348 (25 South., 789); *Trimble* v. *Durham*, 70 Miss., 295 (12 South., 207); *Sledge, McKay & Co.* v. *Obenchain*, 58 Miss., 675.

" We think the court may have fallen into error by considering execution purchasers in the light of innocent third persons instead of volunteers.     We believe it will be hard for the court to hold the taking of a trust deed a waiver of the vendor's lien without, in effect, overruling *Davis* v. *Pearson*, 44 Miss., 508.     *Cummings* v. *Moore*, 61 Miss., 184, is much to the same effect.     See, also, *Partridge* v. *Logan*, 3 Mo. App., 509.

" We think it necessary in this case to determine the question whether or not the trustee's deed to Hart was void or voidable.     If the deed was merely voidable its registration made it effectual under the provisions of our law.     Code 1892, § 2458."

CALHOON, J., delivered the opinion of the court in response to the suggestion of error.

· The forcible argument in support of the suggestion of error makes us think the former opinion not as clear and explicit as it should have been.     We think counsel misconceive the case of *Walton* v. *Hargroves*, 42 Miss., 18 (97 Am. Dec., 429), which has been often cited and much misunderstood.     Whatever may be said of it, it was certainly a very different case from the one before us.     There the effort· was by a judgment creditor to subject, in the hands of the vendee, land he had bought, and not paid for, and which was subject to the vendor's lien.     The court held that the vendor's lien was paramount, because it was not affected by the registry laws.     The case before us is that of a judgment against the legal owner of land, who sold it and conveyed it, but appeared by the record, in

regular chain of title, to be still the owner when the execution was levied. Since the record showed the judgment debtor to be the legal owner when the lien attached, the former unrecorded conveyance to Fredericks was, as to the creditor, as if no conveyance had been made, and therefore the land was salable, as if no deed had in fact been made. The holding in *Walton* v. *Hargroves, supra,* was that the purchaser's judgment creditor could not appropriate the land the purchaser had not paid for, as against the person from whom he had bought on credit, who had a lien for the purchase money. In the case at bar we held, and still hold, that a defendant in a judgment, who has made a conveyance of land, not filed for record until the lien is acquired on it, is, by virtue of the registry law, adjudged to be the owner, as if the conveyance had not been made; the judgment creditor not having notice. We deal here with a judgment against the seller of the land, and not, as in *Walton* v. *Hargroves,* with a judgment against the purchaser of it. Mrs. Nelson owned the land, and conveyed it to Fredericks. The conveyance was never filed for record. Judgment was had against her (the vendor), and *fi. fa.* levied, and sale made. Her judgment creditor had no notice of her conveyance, and so it was as if never made. The title was still in her, as to this judgment, and the purchaser at the execution sale acquired the title to the land. Courts cannot nullify the positive provision of the registry law in favor of a judgment debtor, or a purchaser from such debtor, who had, in defiance of the statute, withheld from record his conveyance until after the lien of the judgment attached. Neither *Walton* v. *Hargroves,* nor any case cited, is, in our judgment, in support of the proposition contended for by counsel. If there were any such case, it could not be followed, in view of the cases of *Humphreys* v. *Merrill,* 52 Miss., 92; *Loughridge* v. *Boland,* 52 Miss., 546; *Duke* v. *Clark,* 58 Miss., 465; *M. V. Co.* v. *Chicago, etc.,* 58 Miss., 846; *Nugent* v. *Priebatsch,* 61 Miss., 402; *Stevens* v. *Magee* (Miss.); (33 So., 73); *ante* 644.

Whether the sale by the trustee of Hart at Jackson was valid or void as to Fredericks, or merely voidable by him, is immaterial, because it was attached by no ligature whatever to the record chain of title down to and in Mrs. Nelson. *Baker* v. *Griffin*, 50 Miss., 158; *Hiller* v. *Jones*, 66 Miss., 636 (6 South., 465); *Harper* v. *Bibb*, 34 Miss., 472 (69 Am. Dec. 397.)

*Suggestion of error overruled.*